STATE of Missouri, Plaintiff-Respondent,

v.

Thomas McCREARY, Defendant-Appellant.

No. 34932.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 18, 1973.

Louis Birenbaum, Fox, Goldblatt & Singer, Inc., Arnold T. Phillips, Jr., Madigan, Hadican & Maloney, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., James A. Darst, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Chief Judge.

Defendant was charged with three counts of assault with intent to kill with malice aforethought. The three charges against the defendant were based on his alleged participation in two gun battles with police in which Police Officers Boaz, Tinnell and Archambault were shot at. The jury found him guilty on all three counts and he was sentenced to twenty (20) years imprisonment on each count, said terms to run concurrently. Defendant appealed.

Defendant first contends that the evidence was insufficient to authorize a finding of guilty because it failed to prove that defendant had committed any act in the furtherance of the crime and failed to establish the "essential element of intent."

A jury could reasonably find that on the evening of February 15, 1972 the defendant was driving a green Oldsmobile on Grand Avenue in the City of St. Louis. Defendant and the three passengers in the car all had hand guns and there were rifles, some of them automatic, in the trunk of the car. Patrolmen Archambault and Tinnell of the St. Louis Police Department stopped this automobile for displaying a cardboard license plate. The two officers were in uniform. They got out of their vehicle and approached the Oldsmobile, Tinnell from the driver's side and Archambault from the passenger's side. The right front door of the auto opened suddenly and a passenger shot Archambault. "The whole car lit up" with the defendant and the three passengers all shooting at Officers Tinnell and Archambault. A gun battle with the police ensued and Patrolman Archambault was shot six times.

Sergeant Boaz, Detective Duffy and Patrolman Penno of the St. Louis Police Department were occupying an unmarked police car when they heard gun shots and proceeded to the area of the gun battle. These officers observed the Oldsmobile flee from the scene and proceed at speeds up to 70 or 75 miles per hour down Grand Avenue. The officers followed the Oldsmobile into a parking lot where it stopped. Another gun battle ensued at this location with the occupants of the auto and the police. The defendant was arrested in the parking lot. Two of the other occupants of the auto escaped over a fence; one of whom was later arrested. The fourth occupant was found dead in the backseat of the Oldsmobile.

At the scene the police called on defendant to surrender. As the three police officers approached the defendant, he lunged at Officer Duffy in an attempt to grab Duffy's gun. Duffy finally had to strike the defendant in order to subdue him. One of the guns which had been fired was found near the place where the defendant was arrested.

The dispute on appeal as to the evidence concerns the defendant's part in the two gun battles as explained by defendant and the other occupant of the Oldsmobile in comparison with the testimony of the officers involved. Defendant in his testimony admitted driving the Oldsmobile and carrying a gun but claimed that he never fired at any of the officers; that he was surprised when one of the occupants shot Archambault; that he fell to the floor when the shooting began; that he started the car and drove from the scene while still on the floor; and, that the only reason he drove the Oldsmobile from the scene was that he feared for his safety.

In determining the sufficiency of the evidence to support a conviction, the evidence must be viewed in the light most favorable to the State, accepting all substantial evidence and all legitimate inferences fairly deducible therefrom which tend to support the verdict, and rejecting contrary and contradictory evidence. State

v. Petrechko, 486 S.W.2d 217, 218 [1] (Mo.1972). The presence of the accused at the place of the commission of a criminal offense may be considered along with other incriminating evidence to determine if the total circumstances raise a reasonable inference that the accused was a participant or an aider or abettor in the crime, and evidence fairly showing any form of affirmative participation in a crime is sufficient to support a conviction. State v. Cobb, 444 S.W.2d 408, 412 [1] (Mo.banc 1969). Intent is not, as a rule, susceptable of direct proof and may be established by circumstantial evidence. State v. Petrechko, *supra*, [2]. Presence, companionship and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred. State v. Reed, 453 S.W.2d 946, 948 (Mo.1970).

There is sufficient evidence from which the jury could find that defendant had fired on Officers Archambault and Tinnell when they stopped the Oldsmobile and that he fired at Sergeant Boaz in the parking lot. Officer Tinnell testified that all four occupants of the car were firing at Archambault and him. Officer Penno testified that he believed all three of the men who got out of the car were firing when he, Boaz and Duffy stopped the Oldsmobile. And Officer Duffy also stated that all three men were firing. The fourth occupant was found dead in the backseat of the Oldsmobile. Defendant argues that since there were only two guns recovered outside the automobile, that only two men, not three, could have been firing in the parking lot, and that since, of four guns recovered, the one belonging to the defendant (as established by defense testimony) had not been fired, only three of the occupants, not four, could have been firing at Tinnell and Archambault. Other tenable explanations for any inconsistency between the record evidence and the testimony given do exist, e. g., other guns may have been discarded during the chase or may have been taken by the men who escaped.

When viewed in the light most favorable to the State and when rejecting all contrary evidence, it is apparent that there was sufficient evidence for the jury to find defendant guilty of three counts of assault with intent to kill with malice aforethought.

Defendant's second contention is that the court's denial of his motion for a continuance was erroneous. It is asserted that this denial deprived defendant of his constitutional right to adequate and effective counsel and deprived defendant of a material witness for his defense. Defendant stresses under this point that he was deprived of the right to inspect the Oldsmobile which was necessary to substantiate his motion to suppress.

An application for a continuance is addressed to the sound discretion of the trial judge and this court will not interfere with the exercise of that discretion unless it has been abused. State v. Boykins, 399 S.W.2d 70 (Mo.1966). It is apparent from the record in this case that there has been no such abuse of discretion.

The trial court, in reply to defendant's questions concerning the adequacy of his counsel, stated that it felt that defendant was being adequately represented as evidenced by the twelve pre-trial motions filed by said counsel and their diligent work. We believe that defendant's two attorneys demonstrated throughout the trial an acute awareness of the facts and circumstances surrounding this case and the ability to try criminal cases. The denial of the continuance did not, therefore, result in defendant receiving ineffective representation. On the contrary, an examination of the record of the trial demonstrates that the defendant was effectively represented.

Defendant contends that the continuance should have been granted in order to obtain the presence at the trial of a material witness, Richard Kelley, in order to establish the defendant's ownership of one of the weapons. This ownership was estab-

lished through the testimony of another witness provided by defendant, and the failure to have Richard Kelley testify could not have been prejudicial.

█ Likewise, we are unable to comprehend how defendant was prejudiced by the fact that his counsel were unable to inspect the Oldsmobile. Even if we assume that when Officers Tinnell and Archambault stopped the car that they were acting in excess of their authority, it is difficult to imagine that this would in any way aid the defendant's motion to suppress evidence used in the prosecution for the subsequent assault on those officers. Consequently, without any showing of prejudice to defendant's case, it was obviously not an abuse of discretion for the trial court to overrule defendant's motion for a continuance.

The remainder of defendant's contentions involve the prosecutor's argument to the jury. Defendant points to several statements which he classifies as "misleading, inflammatory and prejudicial."

█ In order to preserve a point for appellate review, timely objection must be made at trial. State v. Barron, 465 S.W.2d 523 (Mo. banc 1971). Defendant failed to object to some of the statements made by the prosecuting attorney and nothing concerning those statements is presented on this appeal. In addition, we do not believe that those statements resulted in manifest injustice and do not, therefore, come within the plain error rule. Rule 27.20(c), V. A.M.R.

The statements by the prosecuting attorney to which defendant objected and which are presented for our review are (1) the reference to an M–16 automatic weapon; (2) the identification of one of the occupants of the Oldsmobile as Twyman Meyers; (3) the comments on defendant's philosophy as to organized revolution; (4) the comment urging a 100-year sentence; and (5) the comment that defendant's account of the incident was "goofy." The objections to all but (3) were overruled and in response to the objection to (3), the court admonished the prosecuting attorney to "stick within the factual evidence."

█ Whether the remarks of counsel are improper, and whether improper remarks are prejudicial under the facts of a particular case and necessitate a reprimand of counsel or discharge of the jury are matters resting largely within the trial court's discretion, and an appellate court. will not interfere unless the record shows an abuse of such discretion to appellant's prejudice. State v. Chester, 445 S.W.2d 393, 399 [11] (Mo.App.1969). The declaration of a mistrial is a drastic remedy and a mistrial should be granted only when the incident is so grievous that the prejudicial effect can be removed no other way. State v. Koen, 468 S.W.2d 625, 630 (Mo. 1971).

█ It is apparent that the trial court did not abuse its discretion with regard to the disposition of the objections by defendant to the argument of the prosecuting attorney. Under the facts in this case, the statements were proper and the court's admonition to the prosecuting attorney removed any slight prejudice which may have arisen.

Lacking a showing of abuse of discretion and resulting prejudice to defendant, we reject defendant's contentions concerning the closing argument.

In addition to the brief filed by defense counsel, the defendant has filed a *pro se* brief. The points included in defendant's *pro se* brief are (1) that the prosecution inflamed the jury with prejudicial irrelevant statements; (2) the court erred in allowing incompetent rebuttal by the State; (3) the State knowingly used perjured testimony; (4) the State failed to prove every element beyond a reasonable doubt; (5) the defendant was denied effective assistance of counsel; and (6) after defense counsel's request to withdraw, the State had the burden to prove that not permit-

ting this withdrawal would not prejudice the defendant. With the exception of the point concerning ineffective assistance of counsel, most of the points raised by defendant's brief were sufficiently covered by the brief of his counsel and have been fairly discussed above. The remainder of the points in the *pro se* brief are frivolous and will not be discussed in this opinion.

We mentioned above defendant's contention concerning ineffective assistance of counsel and there noted the comments of the trial judge and our opinion as to the capability of defense counsel. We repeat our earlier conclusion that counsel for defense was both adequate and effective as evidenced by the pre-trial motions, the handling of the trial, and the perfecting and arguing of this appeal.

As we are required to do under Rule 28.-02, we have considered and examined the information, verdict, judgment and sentence and find them all to be proper.

The judgment is affirmed.

SIMEONE and WEIER, JJ., concur.