Thomas McCREARY, Appellant,

v.

STATE of Missouri, Respondent.

No. 36999.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Aug. 31, 1976.

J. Martin Hadican, Clayton, for appellant.

John C. Danforth, Atty. Gen., W. Mitchell Elliott, Asst. Atty. Gen., Jefferson City, for respondent.

ALDEN A. STOCKARD, Special Judge.

Thomas McCreary has appealed from the order of Circuit Court of the City of St. Louis dismissing with prejudice his motion filed pursuant to Rule 27.26. We reverse and remand with directions.

Appellant was convicted on June 8, 1972, on three counts of assault with intent to kill with malice, and was sentenced to imprisonment for a term of twenty years for each offense, the sentences to be served concurrently. The judgment was affirmed by this Court in *State v. McCreary,* 504 S.W.2d 132 (Mo.App.1973).

In his motion pursuant to Rule 27.26 appellant alleged as his sole ground for post-conviction relief that he "was not adequately and effectively represented in that his trial attorneys:

(1) Failed to properly investigate the case;

(2) Failed to properly file [a] Motion for Change of Venue and/or Disqualification of Judge;

(3) Failed to file and perfect [a] Writ of Prohibition;

(4) Failed to subpoena material witnesses for defense."

A hearing was held on the above motion, and at the conclusion thereof the trial court sustained a motion filed on behalf of the State to dismiss appellant's 27.26 motion on the basis that "the points properly raised by Movant's motion were also raised by Movant in his appeal * * * and the Missouri Court of Appeals, St. Louis District, Division One, * * * considered the issue of denial of effective assistance of counsel and decided the issue adversely to the Movant." Findings of fact and conclusions of law in the form contemplated by Rule 27.26(i) were not made, but the trial court filed an "opinion" in which it concluded that the only issues presented in the 27.26 motion were ruled adversely to appellant on the direct appeal.

On the direct appeal counsel for appellant assigned as error that the court erred in denying his motion for a continuance, and he asserted that this denial deprived him of his constitutional right to adequate and effective counsel. In commenting on that contention this court said: "The trial court, in reply to defendant's questions concerning the adequacy of his counsel, stated that it felt that defendant was being adequately represented as evidenced by the twelve pre-trial motions filed by said counsel and their diligent work. We believe that defendant's two attorneys demonstrated throughout the trial an acute awareness of the facts and circumstances surrounding this case and the ability to try criminal cases. The denial of the continuance did not, therefore, result in defendant receiving ineffective representation. On the contrary, an examination of the record of the trial demonstrates that the defendant was effectively represented." 504 S.W.2d at p. 135.

In the direct appeal appellant filed a *pro se* brief in which he assigned an error that he "was denied effective assistance of counsel." In disposing of that point, this court reaffirmed its previous observation "that counsel for defendant was both adequate and effective as evidenced by the pre-trial motions, the handling of the trial, and the perfecting and arguing of this appeal."

The narrow issue decided by this court on the direct appeal presented by the point in appellant's brief prepared by counsel was only whether the refusal to grant a continuance was an abuse of discretion in that it resulted in ineffective representation by counsel. The alleged erroneous action was that of the trial judge. That is not the issue pleaded in appellant's 27.26 motion. He there asserts that his representation by counsel was constitutionally ineffective because of the four reasons previously set forth. The alleged inadequate action was that of his counsel.

In reference to the point in appellant's *pro se* brief, we note that in *State v. Cluck,* 451 S.W.2d 103 (Mo.1970), it was held that

while it was proper to raise on direct appeal the issue of ineffective assistance of counsel, the court declined to review the contention because the record did not sufficiently develop the facts essential to a meaningful review. Appellant's trial counsel was the same as his counsel on his direct appeal. Quite understandably, there was no attempt by counsel to develop the facts in support of the point presented by appellant *pro se,* and the observations in the opinion ruling the direct appeal did not go to merits of facts developed at the hearing held on the 27.26 motion. The basis for "dismissing" the 27.26 motion was that "the complaints [appellant] makes now were fully presented to the Court [of Appeals] and * * * duly considered and ruled upon." In so holding the trial court was in error.

The judgment is reversed and the cause remanded with directions that the trial court enter its findings of fact and conclusions of law based on the record and the evidence pertaining to the specific issues presented by the motion, and judgment be entered accordingly.

SMITH, C. J., and NORWIN D. HOUSER, Special Judge, concur.