**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Rockie Allen WINDLE,**
**Defendant-Appellant.**

**No. 11835.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 30, 1981.

Motion for Rehearing or Transfer
Denied April 21, 1981.

Application to Transfer Denied
June 8, 1981.

John D. Ashcroft, Atty. Gen., Steven H. Akre, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

William H. Wendt, Springfield, for defendant-appellant.

BILLINGS, Judge.

A Jasper County jury took only sixteen minutes in finding defendant Rockie Windle guilty of selling cocaine in violation of § 195.020, RSMo 1978, and fixing his punishment at 30 years imprisonment. The determinative issue in this appeal is whether or not the trial court abused its discretion in denying defendant a continuance on the eve of his scheduled trial in order that his new attorney could prepare his defense. We affirm.

The sale by the defendant to an undercover agent of the Missouri State Highway Patrol occurred March 29, 1979. On February 13, 1980, a complaint charging defendant with the sale was filed in the Associate Division of the Jasper County Circuit Court

and following his arraignment a date was set for a preliminary hearing. The record does not disclose whether or not defendant was represented by an attorney during the foregoing proceedings, but, in any event, the charge was dismissed by the state after an indictment of defendant on the cocaine sale was handed down by a grand jury on March 5, 1980.

The circuit court docket sheet shows that Attorney Clyde Allemann of Springfield, Missouri, was initially defendant's attorney. Defendant appeared "without his attorney" for arraignment on March 11, 1980, and following his not guilty plea it is noted the case was to be set. On March 18, 1980, the state filed a motion for disclosure and this document certifies that a copy thereof was forwarded to defendant's attorney of record. The case was assigned to the Honorable Herbert C. Casteel, Judge of Division One, and on April 14, 1980, Judge Casteel wrote the prosecuting attorney and Attorney Allemann advising that defendant's case was set for trial on April 29, 1980.

On April 28, 1980, Attorney William H. Wendt of Springfield entered his appearance as defendant's attorney and filed a motion for a continuance, stating he had been employed by defendant on April 25, 1980, and he needed time to prepare for trial. On the date set for trial, April 29, 1980, motions to quash the information [sic], to require the state to endorse witnesses, and for disclosure, were filed on behalf of defendant. A hearing was conducted on April 29, 1980, and rulings entered on the various motions, including the motion for a continuance. Although overruling defendant's motion for a continuance, the court rescheduled the trial of the case for May 2, 1980.[1]

Trial was held May 2, 1980. The state's case consisted of the testimony of the undercover agent, the chemist who determined the substance was cocaine, the bag of cocaine, and without objection by the defendant the agent's narrative report of the transaction. Defendant and an employee of his testified. The employee stated he had observed the undercover agent riding a motorcycle on an occasion and that in his opinion the agent was intoxicated at the time. Defendant limited his testimony to the fact he had never been convicted for a crime. The jury received the case by mid-afternoon and returned shortly with their verdict.

Rule 24.08, V.A.M.R., provides that "For good cause shown, the court may continue a criminal proceeding to a fixed day, or to a date for trial to be set thereafter."

The trial courts of this state are vested with broad discretion in granting or denying a continuance in a criminal case. *State v. Cuckovich*, 485 S.W.2d 16 (Mo. banc 1972); *State v. Davison*, 545 S.W.2d 723 (Mo.App.1977). A denial of a continuance sought by a defendant is an exercise of the trial court's sound discretion, and in our review of such action we indulge every intendment in favor of the lower court's exercise of discretion. *State v. Oliver*, 572 S.W.2d 440 (Mo. banc 1978); *State v. Cheesebrew*, 575 S.W.2d 218 (Mo.App.1978). Before we are to disturb the trial court's exercise of discretion, the defendant must establish the lower court's ruling constituted a clear abuse of discretion. *State v. Murry*, 580 S.W.2d 555 (Mo.App.1979).

Here, seven weeks had elapsed between the time of defendant's arraignment on the indictment and trial, aside from the time lapse between the defendant's arrest on the complaint and his appearance in the associate division. His former attorney was notified by the trial judge two weeks before the trial date of the setting of the case. Four days before the scheduled trial date the defendant employed his present attorney. Defendant's motion for a continuance was filed the day before the trial was to

---

1. On May 1, 1980, defendant filed an amended motion to quash the indictment, together with suggestions in support thereof. He also filed a motion to file depositions upon written questions. Accompanying the latter motion were 7 pages of questions directed to each grand juror, 9 pages of questions to each jury commissioner, and 2 pages of questions to the prosecuting attorney. These motions were overruled the morning of the trial as was defendant's renewed motion for a continuance.

commence. And, to accommodate defense counsel, the trial was postponed until May 2. Defendant knew of the charges against him and of the witnesses the state planned to present since his arraignment on the indictment. Defendant was represented at trial by an experienced criminal lawyer who had confronted the same undercover agent and chemist in other trials. We find no prejudice to the defendant in the court's denial of the motion for continuance. Any complaint of inadequate time for defendant's substituted attorney to prepare his case rests squarely on the shoulders of the defendant. It was his conduct in changing attorneys shortly before trial that created the complained of situation. *State v. Ross*, 375 S.W.2d 182 (Mo.1964); *State v. Clary*, 350 S.W.2d 809 (Mo.1961). See also *Ramsey v. Grayland*, 567 S.W.2d 682 (Mo.App.1978); *Ungar v. Sarafite*, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964); Annotation, 66 A.L.R.2d 298, 304. Our review of the trial transcript leads us to the conclusion that defendant was adequately and effectively represented by counsel who was acutely aware of the facts and circumstances of the case and applicable law. *State v. McCreary*, 504 S.W.2d 132 (Mo.App.1973).

In view of our ruling that the trial court did not abuse its discretion in overruling defendant's motion for a continuance, we do not deem it necessary to consider defendant's ancillary contention that the court erred in overruling his motion for leave to file depositions upon written questions the morning of trial.

The judgment is affirmed.

All concur.