**Rockie Allan WINDLE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 13208.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 27, 1984.

Motion for Rehearing or Transfer
Denied April 13, 1984.

Dee Wampler, Springfield, for appellant.

Rockie Allan Windle, pro se.

John D. Ashcroft, Atty. Gen., David C. Mason, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM:

Rockie Allan Windle was convicted of selling cocaine in violation of § 195.020, RSMo 1978 and his punishment was assessed at imprisonment for 30 years. On appeal his conviction was affirmed by this court. *State v. Windle*, 615 S.W.2d 563 (Mo.App.1981). Windle (defendant) thereafter sought postconviction relief by proceeding under Mo.R.Crim.P. 27.26. A hearing was held on the motion. The trial court denied relief and the defendant appealed. Having read the original trial transcript and the transcript of the postconviction hearing, we affirm.

I

▮ The substance of the defendant's first point is that he was denied a fair opportunity to examine the controlled substance—cocaine—which the State introduced in evidence at the trial on the merits. Upon trial on the merits, it was disclosed that the material sold by the defendant to an undercover agent of the Missouri State Highway Patrol had been analyzed by Gas Chromatograph—Mass Spectrometer and had been found to contain cocaine. At the time of trial and now, the amount of cocaine involved in a sale had no bearing whatever upon the punishment which could be imposed. Cocaine is a Schedule II narcotic. Section 195.017.4(1)(d), RSMo 1978. Specifically, the proscribed narcotic includes "any salt, compound, derivative, or preparation of coca leaves, and any salt, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances." Id. The range of punishment for first-offense selling of cocaine or other Schedule II drug is imprisonment for not less than 5 years nor more than life. Section 195.200.1(4), RSMo 1978. By reliable estimate, the amount of the drug sold by the defendant to the undercover agent was a "gram or less." Such an amount comes within the modicum necessary to bring the defendant within the purview of the statute, even if the drug sold was not pharmacologically pure. *State v. Young*, 427 S.W.2d 510, 512–13[1] (Mo.1968). A quantitative analysis was not necessary. *State v. Kuhrts*, 571 S.W.2d 709, 715[12, 13] (Mo.App.1978). Further, at the postconviction hearing, trial counsel testified as follows:

Q. And [your examination] would have been for the purpose perhaps either of showing to the court there was not a submissible case made, or it would have gone to the purpose in arguing punishment as to the minute quantity?

A. (by trial counsel) Yes ... I did mention to you that showing the precise amount of cocaine present, if, in fact, it was cocaine, *while not an issue on the question of guilt or innocence, would certainly be a thing that I would want the jury to take into consideration when determining the punishment to assess in this case.* (Emphasis ours.)

At this point, the irrelevance of defendant's analysis and of his point on appeal becomes apparent.

Nevertheless, we do not rest our ruling on this point upon the complete irrelevance of defendant's proposed "own analysis" of the controlled substance. When this contention is unraveled, it appears that defendant's real complaint is not that he was denied access to the controlled substance. The State offered to make the drug sold available to defense counsel. The substance of defendant's argument is that he was not allowed sufficient time to secure the order of analysis his counsel considered necessary. Trial counsel testified that just before trial, "[his] judgment [would] have required the examination of the substances and as I recall in looking back, it would have taken a matter of several weeks ...." Further, counsel stated "... I would have wanted a private investigator and I don't know of any way that I could have obtained one in less than thirty days, based on the information I had at that time."

■ So, circuitously, we are back to the same point presented on the original appeal: The trial court erred in failing to grant a continuance. This point was addressed and resolved against the defendant on direct appeal. *State v. Windle,* supra, 615 S.W.2d at 564–65. An issue previously considered on direct appeal cannot be relitigated in a postconviction proceeding under Mo.R.Crim.P. 27.26, and this is true even if the litigant has a different theory to suggest. *Medley v. State,* 639 S.W.2d 401, 404 (Mo.App.1982); *Murphy v. State,* 636 S.W.2d 699, 700 (Mo.App.1982).

II

■ As a further ground, defendant contends that the indictment upon which he was tried was void because the grand jury by which he was indicted was not constituted so as to represent a fair cross-section of the community.

Examination of the trial record shows that trial counsel was fully advised of the method by which the grand jury which indicted him was selected before trial. He proposed to serve extensive interrogatories upon each grand juror; he did not insist on pursuing it. At one point, in this connection, the trial court asked counsel: "Is this something you could pursue post-trial?" Trial counsel answered: "Your Honor, I would imagine under these circumstances, perhaps. I just don't know. I hadn't thought about that. I suppose if an indictment is void, it's void any time I could show it." The trial court denied the "motion to quash the entire file of the grand jury" and defendant proceeded to trial.

This point has already been decided adversely to the defendant. His failure to challenge the qualifications of the grand jurors on direct appeal precludes his doing so here. There has been a deliberate bypass of orderly state procedure and the point cannot be raised on this motion pursuant to Mo.R.Crim.P. 27.26. *Ross v. State,* 601 S.W.2d 672, 675 (Mo.App.1980); *Johnson v. State,* 574 S.W.2d 957, 958[1] (Mo.App.1978). This point is likewise without merit.

III

The defendant has, with the court's permission, filed a pro se brief, which has been read. Very indirectly he attempts to raise the same question raised on direct appeal— the trial court should have granted a continuance. The same principles which con-

trol the first assignment of error cover this assignment. It is therefore disposed of on the same ground.

We consider the trial court's findings of fact and conclusions of law sufficient to satisfy the requirements of Mo.R.Crim.P. 27.26(i); the record shows the prisoner was present at the evidentiary hearing as required by Mo.R.Crim.P. 27.26(g); we have reviewed the findings, conclusions and judgment of the trial court as required by Mo.R.Crim.P. 27.26(j) and find no error of any order. The judgment is affirmed.