**Charles R. HURT, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 15441.

Missouri Court of Appeals,
Southern District,
Division Two.

May 3, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied

May 18, 1988.

Elizabeth A. Bock, Asst. Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Jared Richard Cone, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Presiding Judge.

Following jury trial movant was convicted of capital murder and sentenced to life imprisonment with fifty years to be served before consideration of parole. That conviction was affirmed on appeal. See *State v. Hurt*, 668 S.W.2d 206 (Mo.App.1984).

On May 29, 1986, movant filed a motion under Rule 27.26 to set aside his conviction and sentence. The trial court denied the motion without an evidentiary hearing and movant appealed. This appeal continues to be governed by Rule 27.26 as the sentence was pronounced and this motion filed before January 1, 1988. Rule 29.15(m).

Movant contends that the trial court erroneously denied him an evidentiary hearing because his pro se and amended Rule 27.26 motions contained a sufficient factual basis to entitle him to an evidentiary hearing as to whether he was denied effective assistance of counsel during critical stages of the proceedings against him, including the trial.

Movant's contention that he was denied effective assistance of counsel is subdivided into three parts. He first contends that he was without counsel after his arraignment on July 31, 1981 until October 31, 1981, "a critical stage in the proceedings against him". That claim was made and denied in movant's appeal after convic-

tion. See *State v. Hurt, supra,* 668 S.W.2d at 212–213. "An issue previously considered on direct appeal cannot be relitigated by a Rule 27.26 motion". *Murphy v. State,* 636 S.W.2d 699, 700 (Mo.App. 1982).

■ The second subpart claims that movant's "trial counsel failed to adequately investigate movant's penitentiary records and conduct violations." Specifically what that would have uncovered is not alleged. In order to entitle movant to an evidentiary hearing a 27.26 motion contending that counsel was ineffective in failing to investigate must allege the facts that the investigation would have revealed. *Sinclair v. State,* 708 S.W.2d 333, 336 (Mo.App.1986). In addition, failure to investigate by his counsel was an issue in movant's direct appeal. See *State v. Hurt, supra,* 668 S.W.2d at 213. An issue previously considered on direct appeal cannot be relitigated under Rule 27.26, even if the litigant has a different theory to suggest. *Windle v. State,* 669 S.W.2d 44, 46 (Mo.App.1984); *Medley v. State,* 639 S.W.2d 401, 404 (Mo. App.1982).

■ For his remaining contention that he was denied effective assistance of counsel movant states that his trial counsel was ineffective "in that he failed to object when the prosecuting attorney called a defense witness 'a liar' in open court".

"To sustain a claim of ineffective assistance of counsel movant must establish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability being a probability sufficient to undermine confidence in the outcome." *Tatum v. State,* 693 S.W.2d 903, 904 (Mo.App.1985). On the facts of movant's criminal trial this single occurrence, even though improper by the prosecuting attorney, could not be sufficient to indicate a reasonable probability that the result of the proceedings would have been different.

Our role is to affirm the judgment unless it is "clearly erroneous." Rule 27.26(j).

We do not find that it was. The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.