**STATE of Missouri, Respondent,**

v.

**Larry R. BALLER, Defendant/Appellant.**

**No. 70155.**

Missouri Court of Appeals,
Eastern District,
Division Four.

July 29, 1997.

---

Bernard Edelman, Clayton, for defendant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Joiner, Asst. Atty. Gen., Jefferson City, for respondent.

RHODES RUSSELL, Presiding Judge.

Defendant appeals the judgment following his conviction by a jury on one count of rape in violation of Section 566.030 RSMo. Cum. Supp.1992.[1] Defendant alleges plain error in improper closing argument by the prosecuting attorney, error in the denial of his Motion for a Continuance, and error in the trial judge's acceptance of defendant's waiver of his previous disqualification of the judge. Finding no error, we affirm.

We review the evidence in the light most favorable to the verdict. *State v. Richardson*, 923 S.W.2d 301, 307 (Mo. banc 1996). Defendant was living with a six-year-old female child and her mother. While watching the child after school in November 1992, the defendant lay on top of her while she was lying on her stomach. The child screamed when she felt something poke her in her vagina and caused her to bleed. She indicated that defendant told her his button had poked her, and that she should not tell anyone what had happened. When the child's mother returned from work, she told her mother what had happened with defendant. The child's mother testified that defendant admitted hurting the child when she confronted him. The police were contacted, and the child was taken to a hospital for an examination. Semen was detected on the child's underwear and a hair was discovered in her vaginal area. The child's hymen had been torn. The doctor conducting the examination concluded that the child had been sexually abused, and that it most likely occurred through penile penetration.

Defendant was arraigned on June 3, 1993 and was represented by the public defender's office. The initial public defender assigned to represent defendant filed a Motion for Change of Judge on February 1, 1994. The motion was sustained. After several continuances made at the request of both defendant and state, trial was set for December 11, 1995. During the pendency of the case, defendant was represented by four attorneys in the public defender's office, one of whom sought a waiver of the prior disqualification of the judge filed by an earlier assigned public defender. The court granted the waiver. Twenty days before trial, a subsequent public defender was granted leave to withdraw as defendant's attorney. On the same day, defendant's new attorney, whom defendant had privately retained, entered his appearance. Six days later, the retained attorney filed a Motion for Continuance. After a hearing, the motion was denied.

At trial, state presented physical evidence of the alleged rape. The semen discovered on the child's underwear was that of a nonsecretor, which defendant was. In addition, the hair found in the child's vaginal area was consistent with defendant's hair. The child also testified as to the events of the rape. The jury found defendant guilty of rape and recommended a sentence of forty years. The trial court imposed sentence in accordance with the jury's recommendation. This appeal follows.

 In his first point on appeal, defendant argues that it was plain error for the trial court to fail to prevent the prosecuting attorney from making improper closing argu-

---

1. All references are to RSMo. Cum.Supp.1992 unless otherwise indicated.

ments. Defendant acknowledges his trial counsel did not object to the prosecutor's statements at trial, and thus plain error is the review standard. *State v. Shurn,* 866 S.W.2d 447, 460 (Mo. banc 1993). Under the plain error rule, the defendant must demonstrate that manifest injustice or a miscarriage of justice will occur if the error complained of is not corrected. *State v. Tokar,* 918 S.W.2d 753, 769–70 (Mo. banc 1996). The defendant bears the burden of proving the decisive effect of the improper argument on the jury's decision. *Id.* at 770. For the challenged arguments to have had a decisive effect, there must be a reasonable probability that, in the absence of these arguments, the verdict would have been different. *State v. Roberts,* 838 S.W.2d 126, 132 (Mo.App.1992).

 Courts should rarely grant relief on an assertion of plain error as to closing arguments, for in the absence of an objection and request for relief, the trial court's options are limited to an uninvited interference with summation, which increases the risk of error. *State v. Storey,* 901 S.W.2d 886, 897 (Mo. banc 1995). Trial courts possess broad discretion in controlling closing arguments, with wide latitude granted the attorneys in their summaries. *State v. Pena,* 784 S.W.2d 883, 887 (Mo.App.1990).

Defendant first claims that the prosecutor's closing argument improperly made reference to defendant's future dangerousness when he stated "[t]here is no treatment for these types of people and the only thing you can do is lock them up for as long as you can."

 It is improper for a prosecutor to argue as to the necessity for deterring the defendant from committing further crimes. *State v. Brass,* 781 S.W.2d 565, 567 (Mo. App.1989). In addition, a prosecutor should not speculate concerning future crimes the defendant may commit. *Id.* Even if we assume that the prosecutor's comment was improper, no plain error exists. Given the other evidence against defendant that was presented at trial, it cannot be established that this comment had a decisive effect on the jury's determination.

Defendant next asserts that the prosecutor's argument implied knowledge of facts or opinions not in the record. Prosecutor's specific statements included:

> There is no treatment for these types of people and the only thing you can do is lock them up for as long as you can.

> To me, this type of offense is worse and more heinous than cold blooded, calculated, premeditated, deliberate murder.

> That child will live with this happening the rest of her life.

> These people that come in from the lab are careful. And they weigh every benefit in the defendant's favor.

 A prosecutor may not argue facts outside the record, and a statement of personal opinion or belief that is not drawn from the evidence is improper. *Storey,* 901 S.W.2d at 900–01. Although some of the prosecutor's statements may have been improper in that they implied a knowledge of facts or opinions that may not be in the record, they do not rise to the level of plain error. Defendant has failed to prove that the statements had a decisive effect on the jury's decision. We do not find that a reasonable probability exists that the verdict would have been different if these comments were omitted.

Finally, defendant claims that the prosecutor improperly personalized his argument to the jury and argued in a manner that was calculated to inflame the passion and prejudice of the jury against defendant. The specific statements complained of included:

> Please, please, ladies and gentlemen, it's getting close to Christmas and it's not easy to judge another human being, but you can give that little child one of the greatest Christmas presents she can ever have the rest of her life, you can restore her dignity, and you can say that these 12 people, 12 of your peers in St. Charles County, believed you.

> I am going to ask you to close your eyes for a few seconds, say a prayer to yourself, whatever your favorite prayer is, for this little child, that she will recover, that I have done my obligation for and presented

it so she is vindicated and believed by you people.

A prosecutor may not personalize his argument to the jury, as personalization may taint the jury's judgment with suggestions of personal danger to them or their families. *Storey,* 901 S.W.2d at 901. An argument is not personalized where it does not suggest personal danger to the jurors or their families if the defendant was to be acquitted. *State v. Hamilton,* 847 S.W.2d 198, 200 (Mo.App.1993).

Some of the complained of statements may be improper personalizations and inflammatory appeals to the jurors. However, plain error does not embrace all trial error. *State v. Joles,* 755 S.W.2d 622, 624 (Mo.App.1988). Defendant has not demonstrated manifest injustice or a miscarriage of justice. Point one is denied.

In his second point, defendant asserts that the trial court abused its discretion in denying his private attorney's Motion for Continuance, in that his case had not been properly prepared for trial by the public defender's office. Defendant alleges the overruling of his motion resulted in a denial of his right to effective assistance of counsel.

The public defender's office had represented defendant from the time of his arraignment in February 1993, until he retained his own private attorney in November 1995. During that time, defendant claims that the four public defenders assigned to his case failed to take any depositions of the state's proposed witnesses, nor did they obtain any expert witnesses for his defense. Defendant states he was thereby prejudiced in that the state's case was essentially uncontested due to this lack of preparation by his previous attorneys.

The decision to grant or deny a continuance is within the sound discretion of the trial court. *State v. Chambers,* 891 S.W.2d 93, 100 (Mo. banc 1994). Judge Benton, writing for the court, stated that a very strong showing is required to prove abuse of that discretion, and the party requesting the continuance must demonstrate prejudice. *Id.* In our review of the denial of the continuance, we indulge every intendment in favor of the trial court's exercise of its discretion. *State v. Windle,* 615 S.W.2d 563, 564 (Mo. App.1981).

Under the circumstances of this case, the trial court did not abuse its discretion in denying defendant's Motion for Continuance in that defendant has failed to establish prejudice. We do not condone the court's decision to allow the public defender to withdraw from the case some twenty days prior to trial, and to further allow new privately retained counsel to enter his appearance without any indication in the record that the court had advised the parties that the trial date was immovable. Defendant had previously requested the court to dismiss his public defender on July 14, 1995, some three days prior to a previous trial setting. A new public defender was subsequently assigned to represent defendant.

Any complaint by defendant that new counsel had inadequate time to prepare for trial rests on the shoulders of defendant. *Windle,* 615 S.W.2d at 565. In *Windle,* the Southern District affirmed the trial court's denial of a request for a continuance made by defendant's new attorney who was hired four days before trial. The court found that the defendant's own actions created the complained of situation. *Id.*

Defendant was dissatisfied with the representation by the public defender's office for approximately two and one-half years. He did not contact a private attorney until November 10, 1995. Private counsel was granted leave to enter his appearance on November 20, twenty days before trial. Defendant testified he knew at the time of the change in his attorneys that the matter was set for trial approximately twenty days later, and he further acknowledged that he had not been told that he would be allowed to have a continuance. If denying a continuance when an attorney is hired four days before trial is not an abuse of discretion, then denying such a motion when an attorney is hired twenty days before trial likewise results in no abuse of discretion, when defendant's own actions created the alleged problem.

Although the trial court's stated reason for denying the continuance was the lack of

available time on its docket in the next two months, the trial court had an obligation to give docket priority to defendant's case as it involved a child victim and witness. Section 491.710 RSMo.1994 provides that the trial court has a duty to give weight to any adverse impact a continuance may have on the well-being of the child victim. The December 11, 1995 trial date was then set some three years after the incident occurred, and the child had already been prepared once before when that trial was continued. Therefore, it was reasonable to conclude that another continuance could harm the well-being of the child.

While the public defender's office lack of diligence is troubling, we do not address any alleged complaint of ineffective assistance of counsel as it is not cognizable in a direct appeal. *State v. Kezer*, 918 S.W.2d 874, 877 (Mo.App.1996). In addition, defendant has failed to show what witnesses he would have retained had the continuance been granted and to what they would have testified. Therefore, defendant has failed to demonstrate any facts which support a claim of prejudice as a result of the trial court's denial of the motion for continuance. Point two is denied.

In his final point, defendant states that the trial judge abused his discretion by accepting a waiver of defendant's attorney's previous disqualification without conducting a hearing on the record and obtaining a knowing waiver from defendant himself. Defendant's public defender filed a request for disqualification of Judge Dalton in February 1994, which Judge Dalton sustained. The case was reset in a different division. When the new division began to handle exclusively family court matters, the case was reassigned back to Judge Dalton's division. On August 10, 1995, defendant's newly-assigned public defender withdrew the previous disqualification of Judge Dalton and consented to the waiver. The court accepted the waiver.

Defendant concedes that his public defender consented to the waiver of Judge Dalton's disqualification. He argues, however, that waiving the disqualification of a judge is a fundamental decision which must be made personally by the accused. He cites no legal authority from any jurisdiction which holds that the decision to waive the disqualification of a judge is as fundamental and personal as the one to waive a jury or to plead guilty, which can only be made by a defendant. *See State v. Hurt*, 931 S.W.2d 213, 214 (Mo.App. 1996).

Parties can waive the disqualification of a judge, expressly or by conduct. *State v. Purdy*, 766 S.W.2d 476, 478–79 (Mo.App. 1989). The right to disqualify a judge is one of the keystones of the legal administrative system. *State ex rel. Mountjoy v. Bonacker*, 831 S.W.2d 241, 244 (Mo.App.1992). It does not necessarily follow, however, that a waiver of disqualification must be made personally by the accused. We hold that the decision to waive the disqualification of a judge is not one which is so fundamental that it must be asserted by the accused. Defendant's attorney apparently decided that the waiver was in defendant's best interest, and the trial judge was not required to hold a hearing on the matter as it was by consent of all the parties. In addition, defendant failed to object to Judge Dalton presiding at the trial and ruling on other matters presented to him by defendant. Therefore, defendant has both expressly and by conduct waived the disqualification of the trial judge. Point three is denied.

Judgment is affirmed.

SIMON and KAROHL, JJ., concur.