STATE of Missouri, Plaintiff/Respondent,

v.

Lloyd G. WILLIAMS, Defendant/Appellant.

No. ED 83742.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 12, 2004.

Kent Denze, Columbia, MO, for appellant.

Deborah Daniels, Breck K. Burgess co-counsel, Jefferson City, MO, for respondent.

## Introduction

SHERRI B. SULLIVAN, J.

Lloyd G. Williams (Defendant) appeals from a judgment of conviction of and sentence for first-degree assault and armed criminal action. Defendant alleges trial court error in failing, *sua sponte*, to submit to the jury a lesser-included offense instruction and to correct the prosecutor's improper argument regarding Defendant's potential to commit future violent acts and in sentencing Defendant as a persistent offender after having found him to be only a prior offender. We affirm as modified.

### Factual and Procedural Background

Defendant does not challenge the sufficiency of the evidence to support his convictions. Viewed in the light most favorable to the verdict, the evidence adduced at trial reveals the following. At about 3 a.m., Defendant was driving a car down a highway. Rita Hinnah (Hinnah) was in the car with him. Defendant began to tailgate another car. In the other car were Michael Kalchbrenner (Victim), Steven Terry (Terry), and Cordelia Ryan (Ryan), all three of whom had been drinking beer at Terry's house. Defendant flashed the headlights of his car, revved its engine, and sped up to the side of the other car. The other car did not let Defendant pass, and Defendant fell back behind the car. At one point, Defendant's car bumped the back of other car, causing minor damage to the other car. Also, Victim threw a couple of empty beer cans out of the car window.

Both cars pulled into a gas station. Defendant did not want to look like "some pussy" in front of Hinnah, his new girlfriend. Defendant got out of the car and told Hinnah to go to another gas station across the street because he intended to "talk with" the people in the other car and he was concerned for her safety. Hinnah went to the other gas station and waited for Defendant.

Defendant, Victim and Terry approached each other in the parking lot of the gas station. Defendant said, "What's up with throwing these beer cans?" Defendant and Victim came face to face and began yelling at each other. They bumped chests and Victim pushed Defendant away from his face because he did not like the way he smelled. Defendant then stabbed Victim in the chest with a knife. Victim collapsed to the ground with blood coming out of his wound, which was about three to five inches long.

When Terry saw the stabbing, he said to Defendant, "Hey, you just stabbed my friend." Defendant denied stabbing Victim and put his hands in his pockets. Terry punched and kicked Defendant until he was unconscious.[1] Emergency personnel arrived on the scene. A police officer found and seized six knives from Defendant's person, including a lock-back that had reddish and clear fluid on it.

Victim and Defendant were transported to hospitals. As a result of the stabbing, Victim's lungs collapsed, and he was hospitalized for about a month. Victim did not work for about three months after the

---

1. Terry pleaded guilty to second-degree assault against Defendant.

stabbing because he repeatedly had to return to the hospital to drain fluids from his lungs.

Defendant testified that he confronted Victim because someone in Victim's car had been throwing beer cans out a window of the car and they hit the car Defendant was driving. Although Defendant did not remember stabbing Victim, he did remember reaching for one of his knives, and he stated that he probably stabbed Victim in the chest out of self-defense. Defendant testified that he had a prior conviction for assault.

Defendant was charged by substitute information in lieu of indictment with assault in the first degree, a class A felony in violation of Section 565.050,[2] and armed criminal action, a felony in violation of Section 571.015. The information also charged Defendant as a prior offender for a felony conviction of assault in the second degree in May 1980. Prior to the commencement of a jury trial, the State presented evidence of Defendant's prior conviction, and the trial court found Defendant to be a prior offender under Section 558.016.

After a one-day trial, the jury found Defendant guilty as charged. Defendant filed a motion for judgment of acquittal at the close of the State's evidence and at the close of all the evidence and a motion for new trial. The trial court denied all three motions. The trial court entered a judgment in accordance with the jury verdict and sentenced Defendant to two concurrent twenty-year terms of imprisonment. On the Sentence and Judgment form, the trial court checked the "Persistent Offender" box, rather than the "Prior Offender" box.

## Discussion

Defendant raises three points on appeal. In his first point, Defendant argues that the trial court plainly erred in failing, *sua sponte*, to submit to the jury an instruction on the lesser-included offense of assault in the second degree because there was sufficient evidence to support such a conviction.

Defendant failed to request the lesser-included offense instruction. During the instruction conference and after reviewing the instructions to be submitted to the jury, the trial court asked if there were any objections or comments about the instructions, to which defense counsel replied "No, sir." Therefore, Defendant has not preserved this allegation of error for appellate review. *See* Rule 28.03.[3]

Defendant requests that we review the claim for plain error. A claim not properly preserved for appellate review may be considered for plain error at our discretion. Rule 30.20; *see also State v. Wurtzberger*, 40 S.W.3d 893, 897–898 (Mo. banc 2001). Under this standard, reversal requires a plain error affecting a substantial right that results in manifest injustice or miscarriage of justice. Rule 30.20. Plain error review is to be used sparingly. *State v. Knese*, 985 S.W.2d 759, 770 (Mo. banc 1999). A defendant bears the burden of demonstrating manifest injustice or miscarriage of justice. *State v. Tokar*, 918 S.W.2d 753, 770 (Mo. banc 1996).

We will not convict the trial court of plain error for failing, *sua sponte*, to submit to the jury the lesser-included offense instruction. Generally, if a defendant does not specifically request a lesser-included offense instruction, the defendant may not complain about the trial court's

---

**2.** All statutory references are to RSMo 2000, unless otherwise indicated.

**3.** All rule references are to Mo. R.Crim. P.2004, unless otherwise indicated.

failure to give the instruction. *State v. Fowler*, 938 S.W.2d 894, 898 (Mo. banc 1997). Part of the rationale for this rule is that failing to request a lesser-included offense instruction is often trial strategy; the jury may convict the defendant of the lesser offense if it is submitted, but the jury may not convict the defendant of any crime if the lesser offense is not submitted. *Id.* Once making the decision, the defendant may be held to accept the consequences of that decision. *State v. Dexter*, 954 S.W.2d 332, 344 (Mo. banc 1997).

Defendant argues that including this allegation of error in his motion for new trial "conclusively refutes any theory" that failing to request the lesser-included offense instruction may have been trial strategy. We are unpersuaded by this argument. When Defendant filed his motion for new trial, the jury had already convicted Defendant. Including the allegation of error in his motion for new trial does not suggest that failing to request the lesser-included offense instruction was not trial strategy but rather that a possible trial strategy was unsuccessful. Due process considerations do not require us to employ a rule that encourages a defendant to refrain from requesting submission of a lesser-included offense instruction, to see the trial through to conclusion, then to seek to convict the trial court of plain error after the jury returns a guilty verdict. *Dexter*, 954 S.W.2d at 344. If, in fact, failing to request the lesser-included offense instruction was not trial strategy, Defendant may properly raise the issue in a motion for post-conviction relief. *See Dexter*, 954 S.W.2d at 344.

Because Defendant failed to request the lesser-included offense instruction, the trial court did not plainly err in failing, *sua sponte*, to submit to the jury such an instruction. Accordingly, Defendant's point one on appeal is denied.

In his second point on appeal, Defendant argues that the trial court plainly erred in failing, *sua sponte*, to correct the prosecutor's improper argument regarding Defendant's potential to commit future violent acts.

During the State's rebuttal closing argument, the prosecutor stated:

> Ladies and gentlemen, [Defendant] has done this before, and he did it to [Victim]. And I'm asking you not to give him the opportunity to do it to somebody else. No matter what you think about [Victim]—the State can't choose its victims. Sometimes our victims aren't the greatest. But [Victim] still doesn't need to be stabbed in the chest. And neither does somebody else's son who happens to be an okay person but gets in a confrontation with [Defendant]. Who knows if that could have happened?

Defendant did not object to the prosecutor's statements or raise this allegation of error in his motion for new trial, and thus it is not preserved for appellate review. *See* Rule 29.11(d). Defendant again requests that we review the claim for plain error.

Relief is rarely granted on assertions that the trial court plainly erred in not *sua sponte* taking remedial action in closing argument because in the absence of an objection and request for relief, the trial court's options are limited to an uninvited interference with summation, which increases the risk of error. *State v. Baller*, 949 S.W.2d 269, 272 (Mo.App. E.D. 1997). It is improper for a prosecutor to speculate concerning future crimes the defendant may commit. *Id.* However, improper argument does not justify relief unless the defendant demonstrates that the argument had a decisive effect on the jury. *Id.* For an argument to have had a decisive effect, there must be a reasonable

probability that, in the absence of the argument, the verdict would have been different. *Id.*

Assuming that the prosecutor's statements were improper, we do not conclude that Defendant is entitled to plain error relief because he has not met his burden of demonstrating that the statements had a decisive effect on the jury. Defendant maintains that had the trial court interfered when the prosecutor made his statements, the jury "would not have disregarded all the evidence that cast doubt on the State's case." We cannot reasonably link the prosecutor's statements with the jury disregarding all such evidence. Rather, we reasonably presume that the jury weighed such evidence against the evidence supporting Defendant's conviction and believed the latter, and Defendant does not challenge the sufficiency of the evidence to support his conviction. We cannot reasonably conclude that in the absence of the prosecutor's argument, the verdict would have been different.

The prosecutor's statements did not rise to the level of plain error requiring *sua sponte* intervention by the trial court. Accordingly, the trial court did not plainly err in failing, *sua sponte*, to correct the prosecutor's improper argument regarding Defendant's potential to commit future violent acts. Defendant's point two on appeal is denied.

 In his third point on appeal, Defendant argues that the trial court plainly erred in checking the "Persistent Offender" box on the Sentence and Judgment form.

 The State concedes that the trial court plainly erred under this point. However, because no additional action needs to be taken by the State, we need not remand the case to the trial court for resentencing. The State charged Defendant as a prior offender and only presented evidence supporting his prior offender status. The trial court found Defendant to be a prior offender. No evidence was presented to support a finding, and the trial court did not find, that Defendant was a persistent offender. Therefore, the trial court plainly erred in checking the "Persistent Offender" box on the Sentence and Judgment form. However, under Section 558.016, this irregularity did not affect the actual sentence imposed.[4] Thus, under these circumstances, we may finally dispose of this matter and correct the judgment of conviction and sentence of Defendant to reflect sentencing as a prior offender only. Rule 30.23; *State v. Halk,* 955 S.W.2d 216, 217 (Mo.App. E.D.1997).

### Conclusion

We correct the judgment of conviction and sentence in *State of Missouri v. Lloyd G. Williams,* Cause No. 01 CR331867, County of Franklin, Twentieth Judicial Circuit, by ordering that the Sentence and Judgment form be modified to show Defendant as a prior offender only and deleting any reference to Defendant as a persistent offender. In all other respects, the judgment of conviction and sentence of the trial court is affirmed.

GARY M. GAERTNER, SR., and BOOKER T. SHAW, J., concur.

---

**4.** However, other possible ramifications of Defendant's sentence as a persistent offender may result, and therefore his persistent offender sentence must be vacated. *See State v. Halk,* 955 S.W.2d 216, 217 (Mo.App. E.D. 1997).