

# Missouri Court of Appeals

## Southern District

### Division One

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD33317 |
| | ) | |
| RICKY ANTHONY MILLER, | ) | FILED: May 4, 2015 |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF TEXAS COUNTY

Honorable William E. Hickle, Judge

## AFFIRMED AND REMANDED WITH DIRECTIONS

Ricky Miller took two forklifts and pallet shelving from Mrs. Sooter's warehouse, then sold all for $680. He claimed Mrs. Sooter said he could take the items. She testified otherwise. A jury found Miller guilty of stealing property with a combined value of at least $500.

Miller's four-point appeal challenges sufficiency of the evidence, denial of a continuance, admission of testimony, and classification of his conviction in the written judgment. His first two points lack merit, the third does not warrant plain error review, and the fourth compels us to remand for correction of a clerical error.

## Point I – Sufficiency of Evidence

Miller claims the state failed to show the forklifts and shelving were worth at least $500 in total. Stealing is felonious if the property's value was $500 or more. § 570.030.3(1). "Value" is defined as "market value of the property at the time and place of the crime...." § 570.020(1). "'Absent substantial evidence as to the value, an essential element of the felony stealing charge is not proved.'" *State v. Slocum*, 420 S.W.3d 685, 687 (Mo.App. 2014) (quoting *State v. Calicotte*, 78 S.W.3d 790, 794 (Mo.App. 2002)).

The state offered Miller's statement that he sold the goods for $680 total (the shelving for $280; each forklift for $200). Miller argues that *resale* value is not necessarily *market* value, citing *Slocum*, where a pawnbroker had paid the defendant $30 for a stolen mandolin worth $5,000 or more.

Market value of stolen property can be proved various ways. *Calicotte*, 78 S.W.3d at 795. *Slocum*, far from contradicting this principle, illustrates how stolen goods sometimes are fenced far below market value. Also, *Slocum*'s stolen property was sold for *less* than $500; the opposite occurred here.

We credit all evidence and reasonable inferences tending to prove guilt and ignore all others. *Slocum*, 420 S.W.3d at 686. This jury reasonably could infer that $680 reflected market value, or that the forklifts and shelving were worth even more, but Miller sold them cheap, as the state suggested in summation. Either way, the evidence and reasonable inferences support a felony conviction. We deny Point I.

## Point II – Denial of Continuance

In August 2012, the case was set for jury trial in March 2013. The trial date

was continued seven times on request of Miller or his counsel, including once when Miller changed lawyers two weeks before the trial date. In granting the seventh continuance, to January 23, 2014, the court warned that no more continuances would be granted.

Miller then hired a new lawyer, having told him that "[t]he Judge is not going to give me any more continuance [sic]." New counsel entered his appearance and unsuccessfully moved for a continuance, specifically naming five witnesses he wanted to depose or interview.

Miller claims the court abused its discretion in denying a further continuance. Whether to grant a continuance is within a trial court's sound discretion; we will not reverse absent a very strong showing of abused discretion *and* resulting prejudice. ***State v. Sutherland***, 436 S.W.3d 645, 650 (Mo.App. 2014).

Miller has not made this showing. "Any complaint of inadequate time for defendant's substituted attorney to prepare his case rests squarely on the shoulders of the defendant. It was his conduct in changing attorneys shortly before trial that created the complained of situation." ***State v. Windle***, 615 S.W.2d 563, 565 (Mo.App. 1981).

Also fatal is Miller's shift in theory of prejudice. On appeal, he complains that his new counsel did not have

> sufficient time to investigate and follow up on information related to Mrs. Sooter's alleged interactions with the Department of Natural Resources (DNR), and had defense counsel been allowed the additional time, Mr. Miller could have presented the testimony of Don Willoh, the Assistant Attorney General directly involved with the environmental enforcement issues on Mrs. Sooter's property ....

3

But counsel's motion sought time to contact *different* persons for *different* reasons, with no mention of Don Willoh, DNR, or anything quoted above.

"A trial court may properly deny a continuance requested to conduct investigation to counter witness testimony where the defendant neither identifies a witness who can testify as he desires nor asserts particular facts to which the unknown witness he hopes to find will testify." **Sutherland**, 436 S.W.3d at 650. On similar reasoning, we hesitate to fault a trial court when the need for continuance asserted on appeal differs from what was stated in the motion for continuance.

We find no abuse of discretion in failure to grant an eighth continuance. Point denied.

## Point III – Plain Error

Over hearsay objections, Mrs. Sooter and her daughter testified that officials had told them not to remove property from the warehouse. Miller seeks plain error review, having failed to preserve the issue in his new trial motion.

We are to use the plain error rule sparingly, not to review every unpreserved claim of trial error. **State v. Campbell**, 122 S.W.3d 736, 739 (Mo.App. 2004). Such review is discretionary. **Id**. at 740. Miller "'must not only show prejudicial error occurred, but must also show that the error so substantially affected [his] rights that a manifest injustice or a miscarriage of justice would inexorably result if the error were to be left uncorrected.'" **Id**. (quoting **State v. Deckard**, 18 S.W.3d 495, 497 (Mo.App. 2000)).

We find no substantial grounds to believe a manifest injustice or miscarriage of justice occurred, given defense counsel's cross-examination on this issue and our

4

deference to trial court evidentiary rulings.[1] *See, e.g.,* **State v. King**, 453 S.W.3d 363, 377 (Mo.App. 2015) (trial court has broad discretion to admit or exclude evidence; its ruling will be reversed only for clear abuse of discretion). This ends our plain error inquiry. **Campbell**, 122 S.W.3d at 740, 742. Point III fails.

## Point IV – Clerical Error

Miller complains that the written sentence and judgment declare him guilty of the Class B felony of stealing, rather than the Class C felony that was charged, reflected in the jury's verdict, and orally pronounced by the court at sentencing. He seeks remand to correct the written judgment. The state concurs.

We agree. Failure to accurately record Miller's conviction was a clerical error correctable *nunc pro tunc.* **State v. Woods**, 357 S.W.3d 249, 256 (Mo.App. 2012). Remand is appropriate. *Id*. Point granted.

## Conclusion

We remand for the sole purpose of correcting the written judgment to reflect that Miller was convicted of the Class C felony of stealing.  In all other respects, the judgment and conviction are affirmed.

DANIEL E. SCOTT, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

WILLIAM W. FRANCIS, JR., PJ/CJ – CONCURS

---

[1] The prosecutor claimed the testimony was not hearsay because it was not offered for its truth. The trial court seemed to agree.