**STATE of Missouri, Respondent,**

v.

**Louis RODERICK, Appellant.**

**Louis RODERICK, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 59271, 60688.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 21, 1992.

**730**

Brad B. Baker, Columbia, Paul D'Agrosa, Clayton, John A. Klosterman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals jury convictions for burglary in the second degree and for stealing $150 or more. Defendant was sentenced as a persistent and Class X offender to fifteen years' imprisonment on each count, to run consecutively. We affirm.

On February 23, 1990, the victimized family was absent from their home from about 5:45 to 6:45 p.m. When they returned, they discovered a broken window and realized that Husband's hunting rifles and Wife's jewelry were missing. They called the police. While the police were at the burglarized residence, witness McDonald told police he had seen someone behaving suspiciously near the house in a dark-colored Cadillac with the last three digits on the license plate reading 396. This Cadillac was immediately thereafter spotted driving by the burglarized residence. The police gave chase but were unable to apprehend it. Witness McDonald then drove around the neighborhood trying to find the Cadillac on his own.

After hearing the call over the radio reporting the burglary, another police officer saw a Cadillac fitting the description and was able to apprehend it. Witness McDonald drove up shortly thereafter and observed that the Cadillac was the one he had seen near the burglarized residence. When Defendant stepped out of the car, he threw a pair of gloves across the street. The fabric of the gloves matched an imprint

taken from Wife's jewelry box. Wife's jewelry was tucked inside the gloves. Husband's guns were found the next morning beside a neighboring house.

Defendant declined to testify at trial. The jury found Defendant guilty of both charges. After sentencing, Defendant brought a Rule 29.15 motion which the court denied. Defendant did not brief his appeal of the Rule 29.15 motion.

■ Defendant initially contends the trial court erred in denying his challenge for cause of Venireperson Hartz. Defendant argues Venireperson Hartz could not state unequivocally that she would not be inclined toward partiality to the testimony of police officers because her husband was a police chief.

The trial court did not commit error. During voir dire, Hartz stated her husband would not lie on the witness stand or alter evidence to convict someone. However, she also stated that police officers are no more and no less credible than anyone else, and that she would give a police officer's testimony the same consideration and scrutiny that she would give anyone else's testimony. Venireperson Hartz's statements, taken as a whole, indicated she would not be more inclined to believe the testimony of a police officer over that of another witness. Affiliation with law enforcement officials alone is not sufficient to sustain a challenge for cause. *State v. Ruff,* 729 S.W.2d 556, 558[1, 2] (Mo.App.1987).

■ In his second point on appeal, Defendant argues the trial court erred in overruling his objections and motion for mistrial after a witness made reference to other burglaries in the neighborhood. At trial, the prosecutor asked witness McDonald why he decided to drive around the neighborhood looking for Defendant after the police had failed to locate him. He responded: "I was a little disgusted at this point because my parents' house had been broken into a few weeks earlier—." Defendant objected that this was inadmissible evidence of other crimes and requested a mistrial. The trial court overruled the objection because it was not timely, because McDonald's testimony simply reflected his

state of mind, and because the testimony did not focus on a burglary specifically connected to Defendant. The prosecutor then asked McDonald again why he had attempted to locate Defendant. He answered that he believed that Defendant "probably was the person that's been hitting a lot of homes in the subdivision." Defendant again objected. The trial court again found that Defendant had waived the "other crimes" objection by reason of timeliness. The court further found the question to be irrelevant and directed the prosecutor to desist from further interrogation on the matter.

Evidence that a Defendant has committed or been accused of committing another crime is generally inadmissible. *State v. Warden,* 591 S.W.2d 170, 172[2–6] (Mo. App.1980). However, McDonald's first response was not inadmissible evidence of Defendant's connection with any crime. McDonald's second statement, although more questionable, also did not definitively link Defendant to these other burglaries. Further, declaration of a mistrial is a drastic remedy to be employed only in the most extraordinary of circumstances, and determining the appropriateness of that remedy is a matter for the sound discretion of the trial judge. *State v. Gilmore,* 681 S.W.2d 934 (Mo.banc 1984). Among the circumstances militating against declaration of a mistrial are the failure to timely object, *State v. Christeson,* 780 S.W.2d 119, 123[5] (Mo.App.1989), and where the evidence of other crimes is volunteered by the witness rather than solicited by the prosecutor. *Gilmore,* 681 S.W.2d at 942[20]. Here, Defendant never timely objected, and McDonald's response indicating his suspicion of Defendant as the neighborhood burglar came as a surprise to the prosecutor. Point denied.

■ In Defendant's final point on appeal, he questions the sufficiency of the evidence as to the proof of the value of the property stolen. This point has no merit. The stolen property was obviously worth more than $150. Wife testified that the five hunting rifles which were stolen were worth $2500 to $3000, although she was

unable to identify the rifles individually. She testified that her husband's wedding ring, also stolen, was worth $150 to $200 fourteen years ago. She testified that the value of her stolen jewelry was approximately $1500. She was unable to state the value of the pieces separately. However, the items stolen included a pearl necklace, a gold chain with a pearl at the end, a gold chain with a heart, a heavy gold chain, a silver-colored chain with a bracelet to match, a gold chain with a bracelet to match, and several earrings. An owner's opinion of the value of stolen goods is sufficient to take the issue to the jury. *State v. Baker*, 676 S.W.2d 900, 902[4] (Mo. App.1984).

Judgment affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.