STATE of Missouri, Respondent,

v.

Lonnie HARRIS, Appellant.

No. 62959.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 12, 1994.

Pattie Shostak, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

A jury found defendant, Lonnie Harris, guilty of burglary in the second degree, a class C felony, § 569.170 RSMo 1986 and stealing over $150, a class C felony, § 570.-030 RSMo 1986. The court sentenced defendant as a prior offender to concurrent four year sentences. Defendant appeals both convictions. Regarding the burglary charge, defendant claims the court erred in allowing the state to file an amended information at the close of the evidence. The amended information alleged elements of a different crime. Regarding the stealing charge, defendant claims the state failed to prove items stolen had a value of over $150. We affirm the stealing conviction. We reverse and remand the burglary conviction.

Count I of the information charged:

## COUNT I

The Circuit Attorney of the City of St. Louis, State of Missouri, charges that the defendant, in violation of Section 569.170, RSMo, committed the class c felony of burglary in the second degree, punishable upon conviction under Sections 558.011.1(3) and 560.011, RSMo, in that on the 2nd day of April, 1992, in the City of St. Louis, State of Missouri, the defendant knowingly entered unlawfully in *a building or inhabitable structure, located at 5993 Minerva* and owned or possessed by Gladys Jones, for the purpose of committing stealing therein. (Our emphasis).

After the evidence closed, the court approved an amendment "to conform with the evidence." The state amended Count I as follows:

## COUNT I

The Circuit Attorney of the City of St. Louis, State of Missouri, charges that the defendant, in violation of Section 569.170, RSMo, committed the class c felony of burglary in the second degree, punishable upon conviction under Sections 558.011.1(3)

and 560.011, RSMo, in that on the 2nd day of April, 1992, in the City of St. Louis, State of Missouri, the defendant knowingly entered unlawfully *in a building or inhabitable structure containing apartments 5993 and 5991 Minerva, located at 5993 and 5991 Minerva* and owned or possessed by Gladys Jones, for the purpose of committing stealing therein. (Our emphasis). Defendant claims the amendment charged a new crime as a matter of plain error because of the addition of two apartments at separate addresses in place of a single building at one address. The elements of burglary are: (1) knowingly unlawful entry or remaining, knowingly and unlawfully, in (2) a building or inhabitable structure, (3) for the purpose of committing a crime therein. Section 569.170 RSMo 1986. According to § 569.010(4) RSMo 1986, "If a building or structure is divided into separately occupied units, any unit not occupied by the actor is an 'inhabitable structure of another'."

█ For purposes of review of the first claim of error, which is addressed to a question of law, the state proved the following facts. On April 2, 1992, at about 5:30 p.m., Okima Johnson returned to her apartment located across the street from 5993 Minerva, at Hodiamont and Minerva. Her landlord, Gladys Theresa Jones, also owned 5993 Minerva. Johnson saw a white truck pull up next to a vacant building at 5993 Minerva. She saw defendant carry a "piece to a fireplace" from 5993 Minerva. He placed the fireplace piece in the truck. Johnson approached defendant and asked him to put the door to 5993 Minerva back the way he found it. She used a pay phone to call her landlord to advise her of what she saw.

While Johnson was on the phone, the location of which is not in evidence, defendant walked up to her and asked whether she was calling the police. When Johnson made no reply, defendant returned to the truck and left quickly. Johnson noted the license number of the truck.

The police traced the license number to Scott Hall, Jr., manager of a resale store. Hall told the police that his employee, Lonnie Harris, was operating the truck at 5:30 p.m. on April 2, 1992. Officer Baker took Harris and Hall to the police station to appear in a line-up. Johnson identified Lonnie Harris as the man who took the fireplace piece from 5993 Minerva.

After Jones inventoried her missing property, the police accompanied her to Hall's resale store where she identified items she said were taken from two apartments, one upstairs, 5993 Minerva; and one downstairs, 5991 Minerva. She did not know when nor by whom the property at 5991 Minerva was taken. Accordingly, her testimony will not support a finding defendant burglarized 5991 on the date charged, April 2, 1992. She knew what was in 5993 Minerva and what was taken on April 2, 1992, because she was there earlier that day and saw the fireplace piece that defendant removed.

During the trial, the issue of whether testimony referred to the upstairs or downstairs apartment was often questioned. Some examples of the confusion appear in the testimony of Detective Robert Baker and the eyewitness, Okima Johnson. The state asked its witness, Detective Baker the following:

Q. In fact, aren't there two apartments, some of the property came from?

A. Yes, that's correct.

Q. Is it your undertand [sic] this came from what apartment?

A. 5993

Q. This is the apartment here in respect to the burglary charge, correct?

A. Correct.

Baker testified about an apartment at 5993 Minerva, not a building, and localized the charged burglary to that apartment.

During cross examination of eyewitness Johnson, the *state* objected to questions regarding 5991 as follows: "I object to 91, *that's not the point of the burglary.*" (Our emphasis). The objection was overruled. Obviously, the state's position was that the charged crimes did not occur at 5991 Minerva. The question could have been relevant to the valuation issue on the stealing over $150 charge. However, defendant made no effort to exclude property which may have

been taken from 5991 from Jones' consideration of valuation.

Before allowing the amendment, the court accepted Instruction 5, the state's verdict directing instruction, patterned on MAI–CR 3d 323.54. The instruction referred to both addresses. Defendant objected to Instruction 5 on the grounds that the information only charged entry into 5993 Minerva. Then the court allowed the state to amend the information "to conform to the evidence" by adding 5991 Minerva to Count I. As noted, this was not the state's trial theory. Moreover, there was no evidence to support the addition of 5991 Minerva.

The court has allowed the description of the location of a charged burglary to be changed in an information to conform to the evidence. *State v. Eaton,* 504 S.W.2d 12, 20 (Mo.1973); *State v. Aston,* 412 S.W.2d 175, 182 (Mo.1967). However, in *Eaton* the court found that no confusion resulted in the minds of defendant and his counsel in regard to the exact location of the burglarized house. *Eaton* 504 S.W.2d at 20. In *Aston,* the court found defendant and his counsel knew from the outset of the trial what the charge actually was. *Aston,* 412 S.W.2d at 182. In neither, did the amended information violate the limitations in Supreme Court Rule 23.08. However, here the possibility of confusion by defendant and his counsel persisted throughout the trial. Moreover, the state objected to a reference to 5991 Minerva during the trial, making it clear during presentation of evidence the state considered that the location of the charged burglary was not 5991 Minerva. Here there was more than confusion, there was certainty that a burglary at 5991 Minerva was not charged. It follows that the defendant could not have had knowledge of the charge against him.

On appeal, defendant argues the court plainly erred in allowing the amended information at the close of the evidence. Defendant also argues the court made preserved error in submitting a verdict director for Count I over timely objection, because it varied substantially from the original information. If the amendment was error it is a matter of plain error, it is jurisdictional. Missouri Supreme Court Rule 23.08 provides

in relevant part: "Any information may be amended ... at any time before verdict ... if no additional or different offense is charged and if defendant's rights are not thereby prejudiced." The rule implicitly recognizes a due process requirement.

■ According to § 569.010(4) RSMo 1986, "If a building or structure is divided into separately occupied units, any unit not occupied by the actor is an 'inhabitable structure of another'." In the case at bar, each apartment was a separate inhabitable structure. The state now contends defendant burglarized one building with two addresses. That position fails to honor the provisions of § 569.010(4) and Rule 23.08. Moreover, at trial it contended 5991 Minerva was irrelevant because the burglary did not occur at 5991 Minerva. The amended information, however, charges one burglary at two living units in a single count. The amendment is therefore fatally defective.

Further, the amended information was not authorized by Rule 23.08. The amendment constitutes plain error in allowing the addition of a possible second burglary and allowed the jury to consider a second apartment address as the scene of the burglary, an issue defendant was not informed to defend. Further, the submission of the verdict directing instruction on the amended information constitutes preserved error.

For a number of reasons, these errors require a new trial on the burglary charge(s) only. First, the state interpreted its own information to charge a burglary at 5993 Minerva. Second, the state interpreted the original information to exclude a burglary at 5991 Minerva. Third, the state presented no evidence that defendant entered 5991 Minerva or took property from 5991 on the day of the charged crimes. Fourth, the amended information is duplicitous because it charges two separate burglaries in one count. *State v. Strickler,* 224 S.W.2d 133, 134 (Mo.App. 1949). Finally, inherent authority to allow amendment to conform to evidence has no application to restrictions of Supreme Court Rule 23.08. Defendant is entitled to be informed of the charge against him, to prepare his defense and to protect himself from further prosecution for the same charge. *State*

*v. Simpson,* 846 S.W.2d 724, 728 (Mo. banc 1993).

■ Regarding Point II, the owner of the property testified as to the fair market value of the property taken. The owner's valuation was in evidence without contradiction or objection. The evidence supported a finding the property Harris removed from 5993 Minerva was worth more than $150. An owner's valuation of stolen goods is sufficient to take the issue to the jury. *State v. Roderick,* 828 S.W.2d 729, 732 (Mo.App.1992).

We affirm the conviction and sentence on the felony stealing charge. We reverse and remand for a new trial on the burglary charge.

SIMON, P.J., and PUDLOWSKI, J., concur.