STATE of Missouri, Respondent,

v.

Vincent FOWLER (real name,
Gary Holland), Appellant.

Vincent FOWLER (real name,
Gary Holland), Appellant,

v.

STATE of Missouri, Respondent.

No. 79037.

Supreme Court of Missouri,
En Banc.

Jan. 21, 1997.

As Modified on Denial of Rehearing
Feb. 25, 1997.

had charged appellant of stealing clothing, liquor and other items valued at over $150 from Rhoda Blade, but the jury instruction directed a finding of guilt if the jury found that appellant "took or concealed clothing, tools and other items, property owned or in the possession of Lyle Blade." The court of appeals reversed the conviction and remanded with direction that the judgment and conviction be set aside. This Court granted the State's application for transfer. The judgment of conviction is affirmed, and the judgment overruling appellant's Rule 29.15 motion is affirmed.

On November 29, 1993, the State charged appellant by information with two counts of felony stealing, in violation of section 570.030. Count I charged appellant with stealing firearms from Lyle Blade. Count II charged appellant with appropriating "clothing, liquor and other items of a value of at least one hundred fifty dollars, which said property was owned by RHODA BLADE, and defendant appropriated such property without the consent of RHODA BLADE and with the purpose to deprive RHODA BLADE thereof."

The evidence, taken in the light most favorable to the verdict, was that at 5:48 a.m. on August 22, 1993, St. Louis City police officer Leo Rice was on a third floor balcony of the Super Inn Hotel when he observed a man walking across an open field carrying a duffel bag and two rifles. Officer Rice next observed the man leave the items in a lot with weeds by a privacy fence at the Super Inn. The man then walked back in the direction from which he came. Officer Rice met the man in the Super Inn parking lot area when the man returned from the second trip. The officer advised the man that he was being detained. Officer Rice identified the man as appellant.

After a second officer, Joseph Dudley, arrived to give Officer Rice assistance, Officer Rice walked to the parking lot away from which he had seen appellant walking. There the officer found a pickup truck with a broken window. Officer Rice found that someone had broken into the camper of the truck

Ellen H. Flottman, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, David G. Brown, Assistant Attorney General, Jefferson City, for Respondent.

COVINGTON, Judge.

Appellant Vincent Fowler, whose real name is Gary Holland, was convicted of stealing over $150 in violation of section 570.030 [1] and was sentenced to eight years imprisonment. Appellant appeals this judgment and the judgment overruling his Rule 29.15 motion for post-conviction relief. The Missouri Court of Appeals, Eastern District, *sua sponte*, determined that appellant was improperly convicted of an uncharged crime. The court of appeals reasoned that the state

---

1. All statutory references are to RSMo 1986, unless otherwise noted.

and the thirty-five foot trailer that was attached to it. The parking vouchers at the Embassy Suites Hotel verified that the truck and trailer were owned by hotel guest Lyle Blade. Lyle Blade identified his vehicle and items that might be missing from the vehicle. Officer Rice showed Lyle Blade the rifles and the gym bag that were in the weeded area, and Blade was able to identify those as his items. Lyle Blade also identified a Craftsman tool set and an orange bucket with orange juice in it that were in the weeded area next to the truck. Lyle Blade also identified the case of Budweiser beer and the bottle of whiskey that appellant was holding when Officer Rice detained him.

Lyle Blade testified that the rifle belonged to him. He also testified that the duffel bag contained clothing, kitchen knives, a Polaroid camera, and a few other items. He stated that the clothing belonged to his wife and daughter and that the camera belonged to his daughter. He stated that the socket set belonged to his daughter's boyfriend. He testified that two cases of beer and the bottle of whiskey had been in the back of his truck. Lyle Blade testified that he did not give anyone permission to take any of these items from his truck or trailer.

Lyle Blade also testified as to the value of some of the items. He stated that he works with tools and purchases tools. He stated that he would estimate the price of the socket set to be about one hundred and twenty-nine dollars. He testified that he purchased the beer for about nine dollars and he purchased the whiskey for about fifteen dollars.

Appellant testified. His theory was that he did not commit any of the crimes charged. "I'm guilty of taking that beer and that liquor, but that's not stealing firearms and that's not stealing over 150."

The jury found appellant not guilty of stealing firearms, Count I. The jury found appellant guilty on Count II, stealing over $150. On April 22, 1994, the trial court sentenced appellant, as a persistent offender, to eight years.

■ Appellant's first point relied on asserts error in the trial court accepting the jury's verdict convicting appellant of an offense not described in the information. Appellant reasons, as did the court of appeals, that his conviction must be reversed because the information charged him with stealing property from Rhoda Blade while the jury instruction referred to property owned or in the possession of Lyle Blade. Appellant asserts that he was prejudiced by the variance between the information and the jury instruction, resulting in manifest injustice. Appellant requests plain error review pursuant to Rule 30.20.

■ A defendant cannot be convicted of a crime with which he was not charged. *State v. Parkhurst*, 845 S.W.2d 31, 35 (Mo. banc 1992). When the issue of the sufficiency of an information is raised for the first time after the verdict, the information will be held insufficient if it is so defective that it did not by any reasonable construction charge the defendant with the offense of which he was convicted and the defendant was thereby prejudiced or if it is so defective that the substantial rights of the defendant to prepare a defense and to plead former jeopardy in the event of acquittal are prejudiced. *Parkhurst*, 845 S.W.2d at 33–35. *See also* Rule 23.11 and § 545.030.1(18). A variance between an information and a jury instruction as to the owner of property is not error where the variance is not material or prejudicial. *State v. Wright*, 476 S.W.2d 581, 583–84 (Mo.1972). The owner of the property is immaterial where it does not affect the offense charged. *Id.* at 584.

Appellant was charged with violating section 537.030. Section 537.030.1 provides that the elements of stealing are (1) appropriation (2) of property or services (3) of another (4) with the purpose to deprive him thereof (5) either without the owner's consent or by means of deceit or coercion. Because appellant was charged with a class C felony, an additional element, that the value of the property appropriated was one hundred fifty dollars or more, had to be alleged and proved. § 537.030.3.

The identity of the owner is not an element of the crime with which appellant was charged. Instead, the purposes of alleging, proving, and submitting for a jury finding, the ownership of property stolen are to show

the ownership is not in the accused, to give notice to the accused of the crime for which he stands charged, and to bar subsequent prosecution of the accused for the same offense. *State v. Elbert,* 438 S.W.2d 164, 166 (Mo.1969); *State v. Barber,* 587 S.W.2d 325, 330–31 (Mo.App.1979). "[T]he purpose of the ownership averment is to identify with particularity the property in question." *Barber,* 587 S.W.2d at 331. In summary, the state must prove that the property is "of another," but the state need not prove that the property belongs to a particular person. § 570.030.

Appellant was convicted of the crime with which he was charged. The information charged appellant with violating section 570.030, specifically stating, "[O]n the 22nd day of August, 1993, in the City of St. Louis, State of Missouri, the defendant appropriated clothing, liquor and other items . . . which said property was owned by Rhoda Blade. . . ." The jury instruction submitted all elements necessary for a conviction under section 570.030. The instruction submitted that the crime was, "[T]hat on August 22, 1993, in the City of St. Louis, State of Missouri, the defendant took or concealed clothing, tools, and other items, property owned or in the possession of Lyle Blade. . . ." The variance between ownership in Rhoda Blade and ownership or possession in Lyle Blade did not cause the verdict directing instruction to submit a new and distinct offense from the charge. Furthermore, the charge and the instruction plainly refer to the same property, namely, clothing, liquor, tools, and other items that were taken from a truck and trailer in St. Louis, Missouri, on August 22, 1993.

■ Appellant nevertheless claims that because of the variance he was unable to prepare a defense and was thereby prejudiced. Appellant states, "Appellant was charged with stealing from one person and convicted of stealing from another. How could he defend against such an accusation?" Appellant implies that he was prejudiced because he was "unable to confront and cross-examine Rhoda Blade, from whom he was charged with stealing."

The record shows that appellant was able to defend against the charged crime, despite any inconsistency between the information and the jury instruction under which appellant was convicted. Appellant's defense was denial of the theft of all items except the beer and whiskey. Furthermore, appellant was not confused about which property he was accused of stealing. At trial, appellant stated that he stole the beer and whiskey. Appellant stated that he was told at the time of his arrest that he was accused of "car clotting," but testified that he never went near Mr. Blade's truck. When appellant's attorney asked appellant if he saw Mr. Blade the night in question, appellant replied, "I wouldn't be able to like identify him and say, yeah, that's Mr. Blade, but I seen the so-called owners; a man and a woman that night, early that morning, yeah." Because appellant was able to defend against the crime charged, the variance did not result in manifest injustice to the appellant.

Appellant argues that this case is controlled by *State v. Harris,* 873 S.W.2d 887 (Mo.App.1994). In *Harris,* the defendant was charged with burglarizing an apartment at a specific address. *Id.* at 887. At the close of the evidence, the trial court approved an amendment to the information that stated that the defendant was charged with burglarizing two apartments at two addresses. *Id.* at 887–88. The court of appeals determined that amending the information was plain error. *Id.* at 889. The court of appeals explained that the conviction could not be upheld for several reasons, those relevant here are that the amended information resulted in confusion to the defendant and his counsel regarding the crime charged and the amended information charged an additional offense in violation of Rule 23.08. *Id.* Appellant argues that the present case is like *Harris* because "instructing on stealing from a person different than the one charged was a totally different crime." Appellant is incorrect. The charge and the instruction plainly refer to the same theft in the present case, varying only in the manner in which they allege that appellant did not own the property that he stole. *Harris* is not persuasive for this reason.

■ Appellant's next point asserts that the trial court erred in failing to instruct the jury *sua sponte* on the lesser included offense of stealing less than one hundred fifty dollars. When a defendant requests a lesser included offense instruction, the trial court errs in not giving the instruction if there is a basis for both an acquittal of the higher offense and a conviction of the lesser included offense. § 556.046.2; *State v. Olson*, 636 S.W.2d 318, 322–23 (Mo. banc 1982). Here, appellant did not request the instruction for misdemeanor stealing. If a defendant does not specifically request a lesser included offense instruction, the defendant may not complain about the trial court's failure to give the instruction. *Olson*, 636 S.W.2d at 322–23.

■ Even under plain error review appellant cannot prevail. For instructional error to rise to the level of plain error, the trial court must have so misdirected or failed to instruct the jury as to cause manifest injustice or miscarriage of justice. *State v. Cline*, 808 S.W.2d 822, 824 (Mo. banc 1991). Defendant bears the burden of establishing manifest injustice. *Id.* Part of the rationale for the rule that requires a defendant to request a lesser included instruction before the defendant can complain that the instruction was not given is related to trial strategy. It is often a matter of strategy as to whether or not to request a lesser included offense instruction. A tactical decision not to request the lesser included offense instruction is based upon the belief that the jury may convict of the lesser offense if it is submitted, but the jury may not convict the defendant of any crime if the lesser offense is not submitted. *Olson*, 636 S.W.2d at 322.

The record in this case reflects that defense counsel made a reasonable tactical decision not to request the lesser included offense instruction in this case. During direct examination, appellant testified, "I didn't commit any of the crimes charged. I'm guilty of taking that beer and that liquor, but that's not stealing firearms and that's not stealing over 150." During closing argument, defense counsel argued, "Well, taking a beer doesn't make it stealing firearms and breaking into truck and trailer. Stealing

over 150 and even $150, where does this 150 come from?" Under these circumstances, appellant cannot now successfully claim that a manifest injustice occurred. The point is denied.

■ In his final point, appellant contends that the motion court erred in overruling his Rule 29.15 motion without an evidentiary hearing. Appellant asserts that he pleaded facts which, if proven, would show that he was denied effective assistance of counsel because trial counsel failed to adduce any evidence regarding the value of the allegedly stolen items to rebut the testimony of Lyle Blade that the items were worth over one hundred fifty dollars. In appellant's amended motion for post conviction relief and request for evidentiary hearing, he alleged that trial counsel failed to investigate the cost of the Craftsman tool set allegedly stolen. Appellant alleged that had trial counsel properly investigated and presented testimony of a representative of Sears, the jury would have learned that the tool set was worth significantly less than the cost estimated by the state's witness. Appellant alleges that this testimony would have shown the value of the items allegedly stolen to be under one hundred fifty dollars. In his *pro se* 29.15 motion, which was incorporated by reference in the amended motion, appellant stated that his attorney failed to investigate the cost of the items and that, had counsel done so, he would have found that the cost would not have supported the charge of stealing over one hundred fifty dollars.

■ To be entitled to an evidentiary hearing, a movant must allege facts, not conclusions, warranting relief, the facts alleged must raise matters not conclusively refuted by the files and records in the case, and the matters complained of must have resulted in prejudice to the movant. *State v. Starks*, 856 S.W.2d 334, 336 (Mo. banc 1993). Appellant did not allege facts that would entitle him to relief. He did not allege what value a Sears representative would have placed on the Craftsman tool set, or even the identity of the Sears representative. He did not allege the value of the other items that were allegedly stolen. He merely concluded that all of the items would have been valued at less

than one hundred fifty dollars, so he was prejudiced by his attorney's actions in not investigating the value of the items. Appellant's conclusory statements cannot sustain a finding that he was prejudiced.

For the forgoing reasons, the judgment of conviction and the denial of Appellant's post-conviction relief motion are affirmed.

All concur.