Gregory THURMAN, Movant/Appellant,

v.

STATE of Missouri, Respondent/Respondent.

No. ED 90172.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 9, 2008.

Jo Ann Rotermund, Assistant Public Defender, St. Louis, MO, for appellant.

Shaun J. Mackelprang, Assistant Attorney General, Dora A. Fichter, Jefferson City, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Movant, Gregory Thurman, appeals from the judgment denying on the merits his Rule 24.035 motion for post-conviction relief without an evidentiary hearing after he pleaded guilty to second degree burglary, in violation of section 569.170 RSMo (2000)[1], stealing over $500, in violation of section 570.030.3(1) RSMo (2002 Supp.), and one misdemeanor count. We affirm.

On April 24, 2006, the parties appeared at the change of plea proceeding. Movant's counsel announced that movant had authorized him to withdraw movant's former pleas of not guilty and enter pleas of guilty to the four counts of the indictment. She stated that the change of plea was "not pursuant" to the state's recommendation, and she was requesting a pre-sentence investigation or sentencing assessment report.

---

1. All further statutory references will be to RSMo (2000), unless otherwise indicated.

The court asked movant where he lived, and movant replied that he was homeless. The court set out each of the crimes charged in the indictment and asked movant if he understood he was charged with those crimes. Movant testified it was his decision to plead guilty based on consultation with his attorney and his own legal research. The court explained each of the rights that movant was waiving by pleading guilty and confirmed that movant fully understood each of those rights. The court then asked the prosecutor to state what the state's evidence would be for each of the crimes.[2] The prosecutor indicated that the burglary charge was based on movant's entry and presence in another person's vacant home without permission, and that the stealing charge was based on his theft of a Trek mountain bike valued at $500 from that home. He described the evidence in support of these charges. Movant substantially agreed with the facts laid out by the prosecutor and admitted that he had done what the prosecutor said he did.

The court then asked movant if anyone had made any promises or threats to cause him to plead guilty. Movant responded, "No." Movant also said that no one had made any promises about his sentence. The court stated that the range of punishment on each of the two felony counts was up to seven years imprisonment. The prosecutor announced that the state was recommending concurrent terms of seven years imprisonment on the two felonies. The court then confirmed that movant was pleading guilty "not pursuant" to the prosecutor's recommendation, and that movant understood the state's recommendation. The court found that the pleas were made knowingly and voluntarily and there was a factual basis for the pleas, and it accepted movant's guilty pleas.

On May 26, 2006, the court conducted the sentencing hearing. After hearing movant's counsel's request for a suspended execution of sentence and the state's request for concurrent sentences of seven years, the court placed movant under oath. The court asked movant if he had anything to say on his behalf. Movant explained what had caused him to commit the crimes, and he asked for leniency. He specifically admitted that he was "guilty of stealing from that house." The court allowed the state to prove that movant was a prior and persistent offender, and movant admitted pleading guilty to three prior felonies. The court found movant to be a prior offender and a persistent offender. It then sentenced movant to concurrent sentences of seven years imprisonment on each of the felony counts and a concurrent one-year jail term on the misdemeanor count.

After informing movant of his right to post-conviction relief, the court next inquired into the assistance of counsel. During this inquiry, movant admitted that he was aware that the state could have recommended a 31 year sentence because he was found to be a prior and persistent offender. Although movant expressed some dissatisfaction with counsel, the court found no probable cause that movant had received ineffective assistance of counsel.

Movant thereafter filed a timely *pro se* motion to vacate, set aside, or correct the judgment or sentence pursuant to Rule 24.035. Appointed counsel filed an amended Rule 24.035 motion and request for an evidentiary hearing. The motion court denied movant's request for an evidentiary hearing and entered its findings of fact, conclusions of law, and order denying mov-

---

**2.** During this stage of the proceedings the state advised the court that it had elected to enter a *nolle prosequi* to Count III, and it proceeded only on Counts I, II, and IV.

ant's motion for post-conviction relief. Movant appeals from this judgment.

## DISCUSSION

Our review of a post-conviction motion under Rule 24.035 is limited to a determination of whether the motion court's findings were clearly erroneous. Rule 24.035(k); *Weeks v. State*, 140 S.W.3d 39, 44 (Mo. banc 2004). We will find the motion court's findings and conclusions to be clearly erroneous only if, after a review of the record, we are left with " 'the definite and firm impression that a mistake has been made.' " *Weeks*, 140 S.W.3d at 44 (quoting *State v. Brown*, 998 S.W.2d 531, 550 (Mo. banc 1999)).

■ "In order to be entitled to an evidentiary hearing, a movant must 1) cite facts, not conclusions, which, if true, would entitle the movant to relief; 2) the factual allegations must not be refuted by the record; and 3) the matters complained of must prejudice the movant." *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992). If the motion, files, and records of the case conclusively show that the movant is not entitled to relief, then no hearing shall be held. Rule 24.035(h).

### I. *Court's Failure to State Correct Range of Punishment*

■ In his first point, movant contends that the motion court clearly erred when it denied relief without an evidentiary hearing on his claim that the court misadvised movant of the maximum range of punishment and failed to personally advise him that the maximum sentence was 15 years on each felony charge.

In his motion, movant alleged that his plea was involuntary because the court had failed to advise him that the maximum sentence was 15 years on each of the felony counts and not seven years. In denying this claim, the motion court concluded that although the court had not advised movant of the correct maximum sentence, movant was not prejudiced because his sentence fell both within the correct sentencing range and the range he was advised of, and movant had pleaded guilty without an agreement on punishment.

During the change of plea hearing, the court advised movant:

Q   In this case you are charged with Count I with a Class C felony, the range of punishment is from one day up to one year in the custody of the Medium Security Institution for the City of St. Louis, from one year up to seven years in the Missouri Department of Corrections, a fine of up to $5000 or any combination of fine and imprisonment imposed by the Court within those ranges. Do you understand that, sir?

A   Yes.

Q   Count II you are charged with a Class C felony, which is the same range of punishment. Do you understand that?

A   Yes.

■ Rule 24.02(b)(1) requires a court, before accepting a plea of guilty, to address the defendant personally in open court, and inform him of and determine that defendant understands certain facts, including "the maximum possible penalty provided by law." However, a court's failure to follow Rule 24.02(b)(1) in every respect does not necessarily constitute prejudicial error. *Holland v. State*, 990 S.W.2d 24, 29 (Mo.App.1999). If a maximum penalty is misstated to be less than it actually is, and the defendant is sentenced to a term that is within the correct range as well as within the misstated range, there is no prejudice to the defendant, and the plea is not rendered involuntary by the misstatement. *Cole v. State*, 850 S.W.2d 406, 409 (Mo.App.1993). The lack of prejudice

is explained by the fact that the correct maximum sentence of fifteen years on each felony count, as opposed to the incorrect advice that it was seven years, would have been more likely to induce a guilty plea because "it would have served to reveal that the risk of trial was greater than was indicated to movant prior to his plea." *Id. See also Vanzandt v. State,* 212 S.W.3d 228, 232 (Mo.App. S.D.2007). In contrast, advice of a lower maximum sentence would be less likely to induce a plea because a trial would pose less of a risk.

In addition, in this case the record indicates that movant did know the correct maximum, in spite of the court's misadvice, because at the sentencing hearing he admitted he knew that the state could have recommended a 31 year term.

The motion court did not clearly err in denying without an evidentiary hearing movant's claim that the court failed to inform him that the maximum sentence on each felony count was 15 years because the record refutes any prejudice. Point one is denied.

II. *Movant's Understanding that the State Would Pursue Prior and Persistent Felony Status*

▉ For his second point, movant asserts that the motion court clearly erred when it denied relief without an evidentiary hearing on his claim that he did not understand the state's recommendation to include sentencing as a prior and persistent felony offender.

▉ We first observe that this point does not correspond with the claim movant made in his motion. The point on appeal must be directed to the claim alleged in the motion. *State v. Light,* 835 S.W.2d 933, 941 (Mo.App.1992). We do not have jurisdiction on appeal to review issues not before the motion court. *Id.* Although movant does make the claim alleged in the

motion in the argument portion of his brief, the error must be set out in the point itself and not raised for the first time in the argument. *Yates v. State,* 158 S.W.3d 798, 802 n. 3 (Mo.App.2005). We do not ordinarily consider arguments raised for the first time in the argument portion of a brief. *Id.; Helmig v. State,* 42 S.W.3d 658, 666 (Mo.App.2001). However, we have gratuitously elected to treat the argument set out under point two as though it had been properly set out in the point relied on.

In his amended motion movant alleged that the state breached "a tacit plea agreement" not to pursue prior and persistent felony offender status. The motion court addressed this claim and determined that it had no merit. It found that the "record clearly reflects that movant was not pleading pursuant to any agreement, there is nothing that would suggest the State had agreed not to prove his persistent offender status and there is nothing that would suggest movant's plea was in reliance on such an agreement."

The record refutes movant's claim that there was a "tacit" plea agreement not to pursue prior and persistent felony offender status, that the state breached that plea agreement, or that movant pleaded guilty in reliance on that plea agreement. Movant was charged as a prior and persistent offender. At the outset of the change of plea hearing, movant's counsel advised the court that her client's entry of the guilty pleas was "not pursuant" to the state's recommendation. During the hearing, movant denied that anyone had made a promise about the sentence he was to receive, and he testified that he understood that any such promise would not be binding on the court. After the state set out its recommendation, movant's counsel acknowledged in open court that movant was

not pleading guilty pursuant to the state's recommendation. At the sentencing hearing, the court recited the facts of the prior plea and specifically stated that it was a "blind" plea. After the prosecutor asked the court to find movant to be a prior and persistent offender, the court allowed the state to prove movant's prior and persistent offender status on the record, without objection from movant or counsel. Movant testified that he pleaded guilty to three felonies. Movant also testified that he was aware that the state could have asked him to be sentenced to up to 31 years since he was found to be a prior and persistent offender.

If the record conclusively refutes a movant's claims, the movant is not entitled to an evidentiary hearing. *Golliday v. State,* 203 S.W.3d 258, 260 (Mo.App.2006). The motion court did not clearly err in denying without an evidentiary hearing movant's claims about a tacit plea agreement, because they were refuted by the record. Point two is denied.

### III. *Sentencing Court's Consideration of Homeless Status*

For his third point, movant contends that the motion court clearly erred in denying relief without an evidentiary hearing on his claim that the sentencing court affirmatively considered the fact that movant was homeless in deciding whether to grant or deny probation, which, he claims, violated his rights of equal protection and due process. Movant argues that the court affirmatively considered his homelessness because the prosecutor had argued that there "would not be any adequate way of supervising the defendant on probation."

In his amended motion, movant alleged that the sentencing court violated those constitutional rights "when it affirmatively considered the difficulty of supervising [movant], a homeless man, on probation"

before it sentenced him to prison. He alleged that his counsel had urged the court to grant movant probation, but the prosecutor had argued that he could not be supervised on probation and had no family or community to support him.

The motion court found this claim to be without merit because the decision to grant probation is discretionary, and the record reflected that the court had considered a number of circumstances in reaching its decision to deny probation, including the prosecutor's argument against probation based on movant's status as a prior and persistent offender with prior weapons and burglary convictions; movant's own arguments in favor of probation; the Sentencing Assessment Report; movant's criminal history; and movant's Alternative Sentencing Report. It found that movant was not denied probation solely because of his status as a homeless person.

The record supports the motion court's ruling. In the first place, movant was the one who introduced the issue of homelessness into the proceedings. Movant stated he was homeless at the beginning of the change of plea proceeding. At the sentencing hearing, he explained to the court that he was living in the vacant house and stealing from it because he was homeless. Further, the state did not mention homelessness directly in urging a prison sentence. Rather, it listed a number of reasons, including defendant's criminal history, to support its argument in favor of a prison term.

Moreover, the court did not mention homelessness as a basis for denying probation. The court explained to movant, who had previously spent twenty-five years in the Department of Corrections, what it considered in denying probation:

Mr. Thurman, I've read everything about you. I've gotten more informa-

tion on you than I get on most people, and you've had a long history. I've read about your psychiatric care at MPC. I've read your grade school grades and your GED and your inpatient at St. Alexis Hospital about going to Father Dunn's home ... Father Dunn when you were a juvenile and learned a lit bit about your family, your brothers, your parents, and it's very hard. It's a very hard thing, Mr. Thurman, adjusting. I want you to know that I've read everything a couple times because I think you're a good person, many good things about you. You're not a bad person, but unfortunately, you've gotten involved with the law and breaking the law and so whatever treatment programs at the Department of Corrections haven't helped you once you get out. I don't why there's that disconnect, . . . .

■ Section 557.036.1 provides that "upon a finding of guilt upon verdict or plea, the court shall decide the extent or duration of sentence or other disposition to be imposed under all the circumstances, having regard to the nature and circumstances of the offense and the history and character of the defendant and render judgment accordingly." " '[T]he decision to grant or withhold probation in the first instance is entirely within the discretion of the court, [it] is a matter of grace and clemency and not a matter of right, and appellate courts have no power to review or revise such a decision.' " *State v. Stout*, 960 S.W.2d 535, 537 (Mo.App.1998) (quoting *Smith v. State*, 517 S.W.2d 148, 150 (Mo.1974)).

The record refutes the claim that the court based the denial of probation on movant's homelessness. Rather, it shows that the court considered all of movant's history and character in denying probation. The motion court did not clearly err in denying without a hearing movant's

claim that the court improperly based its denial of probation on his homeless status. Point three is denied.

## IV. *Factual Basis*

■ For his fourth point, movant contends that the motion court clearly erred in denying relief without an evidentiary hearing on his claim that there was no factual basis for his guilty plea to felony stealing because the prosecutor did not state that he was using the market value of the property at the time and place of the crime or that the owner would establish that the property had a value of $500 at the time and place of the crime.

In his amended motion, movant alleged that although the prosecutor stated that movant appropriated a Trek mountain bike and that the mountain bike had a value of over $500, the prosecutor did not state that he was using the market value of the property at the time and place of the crime or that the bike's market value at the time and place of the crime could not be determined. He further alleged that even though the prosecutor stated that the victim attested that the value of the bike was greater than $500, that representation does not establish that the market value of the bike at the time and place of the crime was $500 or greater.

The motion court concluded that this claim was refuted by the record because the prosecutor said the owner of the bike had attested to its value and movant admitted to its value.

Rule 24.02(e) provides that "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." Rule 24.02(e) is not constitutionally mandated; rather, its purpose is "to aid in the constitutionally required determination that a defendant enter a plea of guilty intelligently and voluntarily." *Schuerenberg v. State*, 98

S.W.3d 922, 923–24 (Mo.App.2003); *see also Sales v. State*, 700 S.W.2d 131, 133 (Mo.App.1985).

"If the plea of guilty is voluntarily and understandingly made and unequivocal as to the factual requisites necessary to establish each element of an offense, the plea itself forms a factual basis for the guilty plea." *State v. Shafer*, 969 S.W.2d 719, 734 (Mo. banc 1998). A guilty plea is an admission to the facts in the indictment or information. *Milligan v. State*, 772 S.W.2d 736, 739 (Mo. App.1989). If the information or indictment "clearly charges the defendant with all the elements of the crime, the nature of the charge is explained to the defendant, and the defendant admits guilt," a factual basis is established. *Martin v. State*, 187 S.W.3d 335, 339 (Mo.App. 2006).

Count II of the indictment charged movant with the class C felony of stealing in violation of section 570.030.3 RSMo (2002 Supp.) "in that on April 1, 2005 to April 23, 2005, in the City of St. Louis, State of Missouri, [movant] appropriated a Trek mountain bike which value was greater than $500" and which was owned by another, and he did so to deprive the owner of it. The elements of stealing are "(1) appropriation (2) of property or services (3) of another (4) with the purpose to deprive him thereof (5) either without the owner's consent or by means of deceit or coercion." *State v. Fowler*, 938 S.W.2d 894, 896 (Mo. banc 1997). In addition, if the class C felony of stealing is charged, an additional element, that the value of the property is $500 or more, must be alleged and proved. *Id.*[3]

At the change of plea hearing, the court asked movant if he understood that Count II charged him with the crime of stealing over $500, and movant responded, "Yes." He agreed that counsel had talked to him about the charges. The court asked him how he pleaded "to the charge in Count II of stealing over $500," and movant replied, "Guilty." Movant said it was his decision to plead guilty after consultation with his attorney "and also reading law books and case law histories." The prosecutor said that the state would prove that the movant "appropriated a Trek mountain bike of a value greater than $500." In summarizing the state's evidence, the prosecutor stated that the owner of the bike attested that the value of the bike was greater than $500. Movant admitted that the prosecutor's statement was substantially true and correct.

Here, the court had multiple facts before it that would support a factual basis for the plea. First, the indictment clearly charged movant with all of the required elements of the crime, the nature of the charge was explained to movant, and movant admitted guilt. *See Martin*, 187 S.W.3d at 339. Next, movant's admission that the prosecutor's statement was true established a factual basis for the guilty plea to stealing over $500. *See Skaggs v. State*, 920 S.W.2d 118, 119–20 (Mo.App. 1996). Further, the fact that movant was advised that the owner had attested that the Trek mountain bike had a value over $500, movant's statement that he understood that he was charged with the crime of stealing over $500, and his voluntary plea to this charge also established a factual basis for the value. *See Goings v. State*, 1 S.W.3d 600, 602 (Mo.App.1999).

Movant argues, without supporting legal authority, that facts specifically referencing the "market value at the time and place of the crime" were required to estab-

---

**3.** Section 570.030.3(1) RSMo (2002 Supp.) provides that stealing is a class C felony if the value of the property appropriated is $500 or more.

lish a factual basis. We disagree. Section 570.020 defines "value" as the "market value of the property at the time and place of the crime" or, if that cannot be reasonably ascertained, the "cost of replacement of the property within a reasonable time after the crime." In the absence of some expressed doubt or equivocation in the record on value, we have found a factual basis established when the word "value" was used in the change of plea proceedings without a specific reference to "market" or to "the time and place of the crime." *See Bird v. State*, 657 S.W.2d 315, 316 (Mo. App.1983); *see also Goings*, 1 S.W.3d at 602.

In taking a guilty plea, a court is not required to explain every element of the crime charged as long as the defendant understands the nature of the charge. *State v. Taylor*, 929 S.W.2d 209, 217 (Mo. banc 1996); *Martin*, 187 S.W.3d at 339; *Price v. State*, 137 S.W.3d 538, 543 (Mo. App.2004). "[T]he question is not whether each element of the charge would now withstand a trial on the merits, but rather whether the information before the court supplied a factual basis to the plea." *Bird*, 657 S.W.2d at 317.

The fact that the statutory definition of "value" as "market value at the time and place of the crime" was not given or used at the plea hearing is not determinative. If the meaning of a term is readily apparent to a lay person without statutory definition, it is not necessary that it be defined in order to provide a factual basis for a plea. *Johnson v. State*, 115 S.W.3d 422, 426 (Mo.App.2003). Without qualification, the word "value," when used in connection with goods, commonly refers to its market value. The dictionary defines "value" in this context as: "2: the worth of a thing in money or goods at a certain time; market price." Webster's New World College Dictionary 1579 (4th ed.2000). In the circumstances of this case, it was not necessary for the prosecutor or the court to specify that "value" referred to the market value to establish a factual basis for the plea.[4]

Likewise, it was not necessary in this case to specify that value was established "at the time and place of the crime." The indictment charged that the crime was committed "on April 1, 2005 to April 23, 2005, in the City of St. Louis, State of Missouri, [movant] appropriated a Trek mountain bike, which value was greater than $500...." This language indicates that the value of the bike was $500 at the time and place of the crime. By admitting to the facts in the indictment, movant admitted to the value of the bike at the time and place of the crime. *See Milligan*, 772 S.W.2d at 739.

In this case, the indictment set out all the essential elements of the class C felony of stealing; the court explained the nature of these charges to movant; movant testified that he understood the charges, had discussed them with counsel, and had read applicable case law; and he pleaded guilty. In these circumstances, a factual basis for felony stealing was established by the record as a whole. *See Martin*, 187 S.W.3d at 341. The motion court did not clearly err in denying without an evidentiary hearing movant's claim that there was no factual basis for the plea. Point four is denied.

## V. *Counsel's Failure to Investigate*

In his fifth point, movant maintains that the motion court clearly erred

---

4. This conclusion is consistent with cases holding a submissible case is made on the value element in a section 570.030 case by a witness's trial testimony to an item's "value," which can be considered evidence of "market value" if nothing in the evidence indicates that the "value" was not "market value." *See State v. Kechrid*, 822 S.W.2d 552, 556 (Mo. App.1992).

in denying relief without an evidentiary hearing on his claim that defense counsel allowed movant to plead guilty without investigating the market value of the mountain bike.

In his amended motion, movant alleged that counsel was ineffective for allowing him to plead guilty without investigating the market price of the Trek mountain bike. He further alleged that he would testify that he asked counsel to investigate the market value of the stolen bike to determine whether it met the minimum value for the felony of stealing, but that counsel failed to do so, and that had movant "known that some Trek mountain bikes have a market value of less than five hundred dollars, he would not have pled guilty." He further alleged that the bike was not new and had two flat tires and "some Trek mountain bikes retail for less than $500."

The motion court concluded that this claim had no merit because movant failed to allege facts showing that he could introduce evidence that the Trek mountain bike that was stolen had a value less than $500, but he merely alleged that there were some Trek bikes that had a lesser value and that this bike was used and had flat tires.

"After a plea of guilty, a claim of ineffective assistance of counsel is ordinarily relevant only to the extent that it affected the voluntariness of the plea." *Sutton v. State*, 966 S.W.2d 337, 339–40 (Mo.App.1998). By entering a guilty plea, a movant generally waives any future complaint about trial counsel's failure to investigate. *Eberspacher v. State*, 915 S.W.2d 384, 386 (Mo.App.1996); *Fox v. State*, 819 S.W.2d 64, 66 (Mo.App.1991). To prevail on a claim of a failure to investigate, a movant must allege and prove the specific information defense counsel failed to discover, that a reasonable investigation would have disclosed that information, and that the information would have aided movant's defense or improved his position. *Dillard v. State*, 137 S.W.3d 483, 485 (Mo. App.2004); *Eberspacher*, 915 S.W.2d at 386; *Fox*, 819 S.W.2d at 66; *McVay v. State*, 12 S.W.3d 370, 373 (Mo.App.2000).

Here, movant failed to plead sufficient facts warranting relief. He failed to allege that he could have provided testimony or other evidence showing that an investigation would have revealed that the stolen bike had a market value less than $500. Movant's conclusory allegation that there were some Trek mountain bikes with a market value less than $500 was insufficient to entitle him to an evidentiary hearing on his claim of ineffective assistance of counsel for failure to investigate the value of the stolen bike. *See Fowler*, 938 S.W.2d at 898–99.

In addition, this claim was refuted by the record. Although movant alleged he had asked counsel to investigate the market value of the bike and counsel failed to do so, at the sentencing hearing movant did not raise this complaint when he was asked if he had complaints about counsel or in response to any other question. *See Melton v. State*, 927 S.W.2d 391, 393–94 (Mo.App.1996); *Boxx v. State*, 857 S.W.2d 425, 427 (Mo.App.1993).

The motion court did not clearly err in denying without an evidentiary hearing movant's claim that counsel was ineffective for failure to investigate. Point five is denied.

*Conclusion*

The judgment of the motion court is affirmed.

BOOKER T. SHAW, P.J. and MARY K. HOFF, J., concur.