

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,          )
                            )
            Respondent,     )
                            )   No. SD37629
    v.                      )
                            )   **Filed:  May 23, 2024**
SHAWN W. YOUNT,             )
                            )
            Appellant.      )

APPEAL FROM THE CIRCUIT COURT OF STODDARD COUNTY

Honorable Joe Z. Satterfield, Judge

## AFFIRMED

Shawn Yount, already a prior and persistent offender, went to trial charged with 20 felony property crimes.  A jury acquitted him of 15 charges but found him guilty of felony stealing and four counts of second-degree burglary.  Additional facts will be recounted in discussing the points to which they relate.

On appeal, Yount contests the sufficiency of the evidence for one of the burglary charges, the court's refusal to disqualify the prosecutor and dismiss a juror, and the accuracy of the written judgment.  We affirm.

### Sufficiency of Burglary Evidence (Point I)

Yount first challenges the sufficiency of the evidence supporting one of his burglary

convictions.

"In determining whether the evidence was sufficient to support a conviction, this Court asks only whether there was sufficient evidence from which the trier of fact reasonably could have found the defendant guilty." *State v. Collins*, 648 S.W.3d 711, 718 (Mo. banc 2022), *as modified* (Aug. 30, 2022) (quoting *State v. Wooden*, 388 S.W.3d 522, 527 (Mo. banc 2013)). "When judging the sufficiency of the evidence to support a conviction, appellate courts do not weigh the evidence but accept as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict and ignore all contrary evidence and inferences." *Id.*

"A person commits the offense of burglary in the second degree when he or she knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein." Section 569.170 RSMo. (2016, effective January 1, 2017). Based on the evidence offered at trial, a reasonable juror could have found Yount knowingly entered unlawfully into a commercial building for the purpose of committing stealing therein.

A witness testified that he operated a mechanical business in a building located in an industrial park on Highway C in Advance, Missouri. The business leased the space from the building's owner. The business owner identified the location of the business and neighboring businesses on a map, which was admitted into evidence. He further testified, and pictures offered into evidence confirmed, that a window had been broken out, the burglar attempted to conceal his face and tampered with a security camera, everything inside the building had been ransacked, and a filing cabinet had been pried open. Another witness testified that she drove Yount to and from that same industrial park on the night of the burglary. Yount was upset because he did not find any loot.

Yount acknowledges this evidence but asserts that it does not prove the exact address of the building and that the business owned the building–as opposed to possessing or leasing it–as stated in the charge and verdict director.

The purposes of the building description requirement are to give the defendant notice and knowledge of the burglary offense with which he is charged and to prevent double jeopardy, which is especially important when a defendant has been or could be charged with multiple burglaries. *See State v. Harris*, 873 S.W.2d 887, 889-90 (Mo.App. 1994).[1] Similarly, the reasons that the owner or occupant of the building or structure burglarized must be pleaded in the information are: "(1) to show that the building alleged to have been burglarized was not the building of defendant; and, (2) to identify the offense so as to protect the defendant from a second prosecution for the same offense." *State v. Peck*, 545 S.W.2d 725, 727 (Mo.App. 1977). None of those concerns are implicated here.

The State's evidence was sufficient to make a submissible case for second-degree burglary. Point I is denied.

### Prosecutor Disqualification (Point II)

Yount moved to disqualify the prosecutor, alleging he had "an inappropriate interest" requiring disqualification under § 56.110 RSMo. (Cum. Supp. 2014) because several charges in the first petition were beyond the statute of limitations, no plea offer was made, and the prosecutor had displayed "unusual hostility" toward Yount in a previous case. The court heard the motion on March 31, 2022. The prosecutor denied

---

[1] Accordingly, the pattern charge and verdict director for second-degree burglary both require insertion of facts to "[*Briefly describe location*.]" Section 23.54 MACH-CR 2nd (2018); § 423.54 MAI-CR 4th (2022). An address may satisfy this requirement, but not always. *See, e.g.*, *State v. Bowman*, 311 S.W.3d 341 (Mo.App. 2010) (one street address encompassed multiple apartment units and common areas); *Harris*, 873 S.W.2d at 889-90 (each apartment in one building was a separate inhabitable structure).

personal animus against Yount and stated that his charging and plea decisions reflected Yount's extensive and persistent criminal history. Yount claims the court abused its discretion in denying his motion because the prosecutor's personal animus impaired his ability to act fairly and impartially.

"[A] trial court's ruling on a motion to disqualify is reviewed for abuse of discretion." ***State ex rel. Patterson v. Curless***, 630 S.W.3d 867, 869 (Mo.App. 2021) (quoting ***State ex rel. Peters-Baker v. Round***, 561 S.W.3d 380, 388 (Mo. banc 2018)). Because allegations in a motion to disqualify are not self-proving, exercise of the court's discretion must be based on evidence before it. ***State ex rel. Patterson***, 630 S.W.3d at 869. We are required to view the evidence in the light most favorable to the trial court's ruling, deferring to the trial court's superior perspective from which to determine credibility of witnesses and the weight due their testimony. ***State v. McIntosh***, 333 S.W.2d 51, 58 (Mo. banc 1960).

"'[D]istrict attorneys in the United States are elected, county-level officials. Prosecutorial power, in this view, is an outgrowth of the peculiar emphasis the United States places on local, democratic control.'" ***State ex rel. Peters-Baker***, 561 S.W.3d at 387 (quoting David Alan Sklansky, *The Nature and Function of Prosecutorial Power*, 106 J. Crim. L. & Criminology 473, 491 (2016)). "In essence, by electing [the prosecutor], the people of [Stoddard] County decided [the prosecutor's] decision-making skills – i.e., [his] discretion – best represent their interests." ***State ex rel. Peters-Baker***, 561 S.W.3d at 388 "[O]nly in rare circumstances should a circuit court interfere with the democratic process and override the voters' choice as to who is best suited to represent the interests of the people as prosecuting attorney, even with respect to a single case." ***Id.***

We initially note that the only portion of § 56.110 RSMo. (Cum. Supp. 2014) Yount

4

argues applies in this case is an inappropriate "interest." Successful motions to disqualify typically are based on a familial relationship, financial interest, or a conflict of interest as defined by the Rules of Professional Conduct found in Rule 4-1.0 *et seq.*[2] This case is different because Yount essentially is arguing a personal animus arose from the prosecutor's prior, professional interactions with Yount in other cases.[3]

Yount's allegation of "unusual hostility" based on a statement the prosecutor allegedly made and improper action he allegedly took in a prior case were supported only by Yount's testimony at the motion hearing. The court's ruling indicates it rejected this testimony. ***McIntosh***, 333 S.W.2d at 58.

The only evidence of personal animus Yount proffers *in this case* is the prosecutor's filing of several charges, some of which had already been dismissed because they were outside the statutes of limitations, and his decision not to enter into plea negotiations. "A prosecuting attorney possesses broad, almost unfettered discretion in deciding what charge and what punishment to seek." ***State ex rel. Becker v. Wood***, 611 S.W.3d 510, 514 (Mo. banc 2020). Plea bargaining is not mandatory; a prosecutor cannot be required to enter into plea negotiations. ***State v. DeClue***, 805 S.W.2d 253, 256 (Mo.App. 1991) (applying commentary on Federal Rule of Criminal Procedure 11(e) to its Missouri counterpart, Rule 24.02(d)). Indeed, a trial court's disqualification of a prosecutor for not entering into plea negotiations has been held to violate Rule 24.02(d) and constitute

---

[2] Rule references are to Missouri Court Rules.

[3] Personal animus as alleged here is not the same as prosecutorial vindictiveness, which occurs when the State seeks a new or enhanced charge to punish a defendant for exercising his or her statutory or constitutional rights, typically a grant of retrial or a successful appeal. ***State ex rel. Becker v. Wood***, 611 S.W.3d 510, 514 (Mo. banc 2020). Prosecutorial vindictiveness is rarely found at the pretrial stage. ***Id.*** at 515. Yount did not allege prosecutorial vindictiveness. Furthermore, the remedy for prosecutorial vindictiveness is that the defendant cannot be haled into court and required to answer to the enhanced charge, ***Blackledge v. Perry***, 417 U.S. 21, 30-31 (1974), not disqualification of the prosecutor.

an abuse of discretion. ***State v. Eckelkamp***, 133 S.W.3d 72, 74-75 (Mo.App. 2004). In this case, the prosecutor considered Yount's extensive criminal history when filing charges and in not extending a plea deal. This is a valid factor to consider. ***State v. Watts***, 601 S.W.2d 617, 621 (Mo. 1980).

This case does not present the rare circumstance requiring disqualification of the prosecutor. The circuit court did not abuse its discretion in denying the motion to disqualify. Point II is denied.

## Juror Disqualification (Point III)

Juror 2 disclosed in *voir dire* that one of the witnesses "used to go to my church . . . and she was in my Sunday School," but her familiarity with the witness would not prevent Juror 2 from rendering a verdict based solely on the evidence. During a recess after that witness testified, Juror 2 approached the witness, attempted to hug her, and asked, "Do you remember me?" The witness just looked away because she knew she wasn't supposed to speak with the jurors. Nothing was discussed about the case. This interaction was brought to the court's attention and Juror 2 was questioned on the record. Yount contends the court plainly erred when it did not *sua sponte* remove Juror 2 and replace her with an alternate juror.

Yount seeks plain error review.

> Plain error review is discretionary, and this Court will not review a claim for plain error unless the claimed error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. The plain language of Rule 30.20 demonstrates that not every allegation of plain error is entitled to review. The plain error rule is to be used sparingly and may not be used to justify a review of every point that has not been otherwise preserved for appellate review. Unless manifest injustice or a miscarriage of justice is shown, an appellate court should decline to review for plain error under Rule 30.20. Finally, the defendant bears the burden of demonstrating manifest injustice entitling him to plain error review.

6

*State v. Brandolese*, 601 S.W.3d 519, 526 (Mo. banc 2020) (internal citations and punctuation omitted).  "Relief under the plain error rule is granted only when the alleged error so substantially affects the rights of the accused that a manifest injustice or miscarriage of justice inexorably results if left uncorrected."  *State v. Baumruk*, 280 S.W.3d 600, 616 (Mo. banc 2009) (quoting *State v Hadley*, 815 S.W.2d 422, 423 (Mo. banc 1991)).  A defendant is not prejudiced by an interaction between a juror and a witness that is casual, brief, and totally unrelated to the trial.  *State v. Johnson*, 675 S.W.3d 620, 630 (Mo.App. 2023).  Further cutting against any claim of manifest injustice is Yount's relatively favorable outcome at trial–acquittal on 15 of the 20 charges.  *See* *State v. Pike*, 614 S.W.3d 651, 658 (Mo.App. 2021).  Yount has not shown prejudice, much less a manifest injustice or miscarriage of justice.  Point III is denied.

### Accuracy of Written Judgment (Point IV)

The written judgment accurately reflects the court's oral pronouncement of sentences in this case:  ten years for each offense, to run consecutively to each other.  As required by Rule 29.09 (2022), the circuit court orally stated, "As far as the Cape County case, the Court is going to order that this sentence would run concurrent with that case."  Yount contends the circuit court erred when it did not include this order in its written judgment.

We review for prejudicial error, not mere error.  *Brandolese*, 601 S.W.3d at 533.  It would have been preferable for the written judgment to incorporate this order expressly.  However, Yount is not prejudiced by this omission.  Subject to exceptions not applicable here, "Multiple sentences of imprisonment shall run concurrently unless the court specifies that they shall run consecutively . . . ."  Section 558.026.1 RSMo. (Cum. Supp. 2021).  The State acknowledges this statute applies here, and Yount cites no

authority that would compel a different application of the law in this case.

By operation of § 558.026.1 RSMo. (Cum. Supp. 2021), the sentences imposed in this case run concurrently with the sentence(s) imposed in "the Cape County case." We deny Point IV and affirm the judgment and convictions.

JACK A. L. GOODMAN, C.J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

DON E. BURRELL, J. – CONCURS